# Burton v. The State.

*Indictment for Grand Larceny.*

1. *Review of ruling of trial court on admissibility of testimony of absent witness given on preliminary hearing.*—Whether or not a sufficient predicate has been laid for the admission of the testimony of an absent witness, given on the preliminary hearing, is a question exclusively for the trial judge, and not for the jury, and on review, if it appears that the legal evidence before him justified his conclusion it will be affirmed, regardless of errors committed by him in receiving incompetent testimony against objection.

2. *Same; case at bar.*—On trial for larceny of a valise from a traveling man, evidence that he was not a resident of the county where the theft occurred, and that he had stated that he resided in another state, and that he left the county immediately after recovering his property, coupled with evidence that a subpœna had been issued for him, and returned "Not found," is sufficient to justify the admission of his testimony at the preliminary hearing.

APPEAL from the City Court of Talladega.

Tried before the Hon. JOHN W. BISHOP.

William Burton, the appellant, was tried on the 18th

of April, 1895, in the City Court of Talladega, upon an indictment for grand larceny, and was convicted. The facts brought out on the trial, stated briefly, are as follows : Paul J. Collier left Birmingham on the Georgia Pacific Railroad on Saturday afternoon, December 22, 1894. The defendant, Bob Smith and Jim Ball left Birmingham on the same train. Collier had his valise with him in the car with the three negroes. The three negroes got off the train at Pell City in St. Clair county, and took the B. & A. train for Talladega. Collier missed his valise at Pell City. He came over to Talladega the next day, and on Monday morning, Dec. 24, at the preliminary trial of defendant, identified his valise and its contents, worth about $50. Defendant was arrested in Talladega county near Ironaton late Saturday night. He told John Hammocks, a negro, sleeping in the same house with him, just before the officer took him away that if any one called for a valise to tell them that it was out in the woods in a stump. On the next day the valise, identified by Collier as his property, was found in Talladega county near defendant's house in a stump covered with leaves. When defendant left Birmingham he had only one valise, a black oil cloth one ; on the train the same night between Pell City and Talladega he had two valises, one of which he said was his father-in-law's. The defendant made confession of his guilt just after preliminary trial, and said he did not think he should suffer alone. On his final trial the defendant denied all connection with stealing the valise, and denied making any statement about the valise to John Hammocks, or making any confessions after the preliminary trial. The facts further showed that Collier was a non-resident of Alabama, that he lived in Georgia, and travelled in Arkansas and Mississippi; that he had never been seen in Talladega before nor after the preliminary trial of defendant; that he reached Talladega Sunday afternoon, and left the next day on the 12 o'clock train, that he gave his address to the marshal just before leaving on the train ; that a subpœna was issued for him on the 15th of April, three days before the day of the trial of the case, that search was made for him, and the subpœna returned by sheriff unexecuted.

The defendant separately excepted to the court's overruling his objection to the introduction in evidence of

[Burton v. The State.]

secondary evidence of what the witness Collier testified on the preliminary examination of the defendant, and also the admission in evidence of the confession made by the defendant.

It is unnecessary to set out at greater length any other facts of the case; for these two questions present the only rulings of the trial court which are reviewed on the present appeal.

C. C. WHITSON, for the appellant.—It is a constitutional right of a defendant "to be confronted by the witnesses against him."—Decl. Rights Const., Article 1, Section 7; *Wells v. The State*, 73 Ala. 362.

It is conceded, that the rule is settled in this State that the testimony of a witness upon a preliminary trial, where the defendant had an opportunity to cross-examine him, is admissible on a subsequent trial on proof that the witness "has gone beyond the jurisdiction of the State, permanently, or for such an indefinite time that his return is merely contingent or conjectural."

Testimony of this kind is admitted with great caution only from necessity and to prevent a failure of justice, and the necessity, whether it is supposed to arise from death, or insanity, *or from any other cause rendering impracticable the production and examination of the witness ought to be shown clearly.*—*Harris v. The State*, 73 Ala. 497-98.

And it is insisted that the facts which under the law renders secondary evidence of the testimony of such witness admissible as evidence against a defendant, whether it be death, non-residence, or permanent absence from the State, *must be proven by legal testimony,* and must *be clearly proven,* this much is due to the constitutional right of a defendant "to be confronted with the witnesses against him."

In substance the only testimony offered by the State to show or prove the non-residence or absence from the State of the witness, Collier, were Collier's own declarations and claim as to his residence, as to which the evidence is in conflict.

The declarations or claim of a person as to his place of residence is not proper evidence to prove his residence, and is mere hearsay, unless connected with some act concurrent with it and which the declarations have a

tendency to explain, as part of the *res gestæ*, whenever the act itself is material evidence."—1 Brickell's Digest, p. 841, § 530; *Bradford v. Haggerty*, 11 Ala. 698; *Griffin v. Wall*, 32 Ala. 160; *Bolling v. The State*, 98 Ala. 80.

Collier's absence from the State could not be proved by reputation, or hearsay evidence.—*The State Bank v. Seawell*, 18 Ala. 616; *Griffin v. Wall*, 32 Ala. *supra.; East Tennessee, Virginia & Georgia R. R. v. Thompson*, 94 Ala. 636.

The residence of a person is a fact capable of proof by positive or circumstantial evidence, and is not capable of proof by hearsay testimony.—*Abel v. The State*, 90 Ala. 633; *State Bank v. Seawell*, 18 Ala. 616.

That Collier left Talladega on the train, does not render his declarations on such occasion competent. It is not shown that at the time of leaving he was changing his domicil or residence.

The fact that he left on the train was not a material issue in the cause and no part of the *res gestæ*. He might have resided in Alabama and still left on the train. *Powell v. Henry*, 96 Ala. 417. Certainly the evidence that a subpœna was issued for witness Collier, two or three days before the trial and search made for him by a deputy sheriff at one place in Talladega county is too remote as tending to show that such witness was a nonresident or absent from the State. So also, as to the testimony of witness Lide, that "so far as he knew Collier did not reside in Talladega county; Collier could as well have resided in another county of the State as in another State, so far as such facts tended to show. There was no sufficient proof of the *corpus delicti* aside from the secondary evidence of Collier, and aside from this testimony, no facts or circumstances were proven from which the jury could infer that the offense had been committed.

Without independent proof of the *corpus delicti* the confessions are not admissible.—*Ryan v. The State*, 100 Ala. 94.

Certainly aside from the evidence of Collier's former testimony there was no sufficient proof of the *corpus delicti* to justify the conviction of defendant, aside from his own confessions.

Wm. C. Fitts, Attorney-General, and Alex. M. Garber, Solicitor for Talladega City Court, for the

State.—Collier's declarations made at the time and under the circumstances constitute part of the *res gestæ* and were properly admitted in proof to furnish the predicate, along with the other facts bearing on the preliminary inquiry, and are not merely narratives of a past transaction.—1 Greenl. Ev. (15th Ed.), § 108 and note, pp. 161, 162, and § 163 and note; 98 Ala. 45; 96 Ala. 62; 92 Ala. 41; 87 Ala. 30; 86 Ala. 47; 86 Ala. 617; 16 So. Rep. 7 (Ala.).

The evidence of the witness Lide tending to prove that Collier did not live in Talladega county was competent. To some extent it negatived the contention that Collier was within the jurisdiction of the court. So also did the evidence that a subpœna was issued for Collier, that search was made for him and that subpœna was returned not executed. See *Lucas' Case*, 96 Ala. 51.

The court's action was unquestionably free from error in overruling defendant's objection to the admission of Collier's former testimony upon the predicate furnished by the State. The predicate was clearly sufficient—1 Greenl. Ev. (15 Ed.) § 163 and note; 98 Ala. 45; 96 Ala. 62; 92 Ala. 41; 87 Ala. 30; 86 Ala. 47; 86 Ala. 617; 16 So. Rep. 7 (Ala.) The *corpus delicti* was sufficiently proved to admit the confessions of the defendant.—76 Ala. 42; 100 Ala. 94; 100 Ala. 96.

McCLELLAN, J.—A prominent question in this case is whether a predicate for the admission of testimony of an absent witness given for the State on the preliminary examination of the charge against the defendant, was sufficiently proved. This question was exclusively for the determination of the judge below subject to review by this court; the jury was not concerned with it at all. And in reviewing the conclusion reached by the judge of the city court upon it, the inquiry presented to us has reference to the *quantum* of legal or unchallenged testimony adduced, and not to any errors that may have been committed by the judge in receiving illegal testimony on the issue against defendant's objection. With legal and properly objected to illegal testimony before the lower court, if the legal evidence justifies the conclusion reached, it is to be presumed on appeal that the judge acted only on the legal evidence, and his action will be affirmed wholly regardless of errors committed

by him in receiving incompetent testimony against objection.

The witness whose testimony on the former trial it was proposed to be proved, Paul J. Collier, was the owner of the property alleged to have been stolen. So far as appears he was never in Talladega or in the State except on the occasion of the loss of his property, a valise and its contents, when he remained, it seems, only long enough to recover it and to attend the preliminary trial which was had a day or two afterwards. It was affirmatively shown that he was a traveller by rail proceeding from the direction of Mississippi in the direction of Georgia when he lost his baggage. The question before the judge of the city court was whether he had left the State permanently or for an indefinite period of time. On this inquiry the fact that he had resumed his journey immediately after recovering his property and testifying before the magistrate was material; it tended to show and was the initial step toward showing that he had left the State. His declarations at that time as to the purposes and destination of his journey were of the *res gestæ* of that material fact and as such properly before the trial judge to be considered in determining the fact and the character of the witness's absence from the State. They were to the effect that the journey he was then upon begun in Mississippi or Arkansas and was intended to end at his, the witness's, home in Georgia. These declarations explanatory of the journey he was upon went to show pretty clearly that the witness had no abiding place in Alabama nor business here except to pass through the State to Georgia; that he had gone on to Georgia and had no occasion or intention of returning to this State at any time certain or at all except perhaps for the purpose of passing again through the State. A subpoena was issued for him in this case, and returned not found; and this fact was in evidence, and there was other evidence tending to show that Collier did not reside in Talladega county. On these facts, we concur in the conclusion reached by the trial judge that the predicate for proof of Collier's former testimony was established with reasonable and adequate certainty, and hold that the city court did not err in allowing such proof to be made. The former testimony of Collier thus reproduced showed the *corpus delicti*, and rendered the defendant's confession

admissible so far as that depended upon proof that the offense charged had been committed by some one.

There is no merit in the further objection to the introduction of defendant's confessions which proceeds on the idea that they were not freely and voluntarily made. The fact that they were so made clearly appears, in one instance, from the circumstances under which they were made, and in the other, by affirmative evidence negativing all improper influence.

The judgment of the city court must be affirmed.


