# Dorsey v. The State.

*Indictment for Larceny.*

1. *Larceny; incompetent evidence.*—On a trial under an indictment for larceny, the testimony of the defendant that after he heard a police officer had been to his house to arrest him, he went to police headquarters to inquire about it, is incompetent and inadmissible.

2. *Same; same.*—On a trial under an indictment for larceny, the testimony as to the wages the defendant was receiving at the time of the larceny is irrelevant.

3. *Evidence of good character; charge to the jury.*—In criminal cases, the evidence of defendant's good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt of his guilt; but a charge which instructs the jury that "If you find good character established by the evidence, you should consider it and allow it such weight as you believe it fairly entitled to, as tending to show that men of such character would not be likely to commit the crime charged in this case," is properly refused, as being in part argumentative, as assuming that evidence of defendant's good character necessarily tends to show his innocence, and as giving undue prominence to the evidence relating to his character.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM S. THORINGTON.

The appellant was indicted, tried and convicted for the larceny of money from the person of Ben Brown.

Upon the trial of the cause, as is shown by the bill of exceptions, the State introduced evidence tending to show that the defendant was guilty as charged.

The evidence for the defendant was in direct conflict with that of the State. The defendant, as a witness in his own behalf, testified that on the morning of his arrest, he heard that policemen had been to his house to arrest him the day before; ''and that thereupon he went down to police headquarters to inquire about it.'' Upon objection by the State, this testimony of the defendant was excluded from the jury, and to this ruling of the court the defendant duly excepted.

Upon the introduction of R. F. Scott as a witness for the defendant, he testified that he was superintendent of the Montgomery Street Railway, and the defendant at the time of his arrest was in the employment of that company. This witness was then asked: ''What wages was the defendant making per month with your company at the time of his arrest?'' The State objected to this question, the court sustained the objection, and to this ruling of the court the defendant duly excepted. The defendant proved by a number of witnesses that he was a man of good character.

Upon the introduction of all the evidence, the defendant requested the court to give the following written charge to the jury, and duly excepted to the courts' refusal to give the same: ''If you find good character established by the evidence, you should consider it and allow it such weight as you believe it fairly entitled to, as tending to show that men of such character would not be likely to commit the crime charged in this case.''

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.— The testimony that the defendant (when he heard that the police officer had been after him) refused to flee, and that he went down to police headquarters and gave himself up, was wholly inadmissible as evidence for him.— *Jordan v. State*, 81 Ala. 20.

The charge asked, calling special attention to the good character of the defendant was properly refused, as has

been often decided.—*Grant v. State*, 97 Ala. 35; *Goldsmith v. State*, 105 Ala. 8; *Scott v. State*, 105 Ala. 57; *Webb v. State*, 106 Ala. 52.

McCLELLAN, J.—The testimony offered by the defendant to the effect that after he heard that a police officer had been to his house to arrest him, he went down to police headquarters to inquire about it, was properly excluded.—*Jordan v. State*, 81 Ala. 20.

The charge requested by the defendant was properly refused. It is in one part argumentative. It does not expressly refer to the *defendant's* good character. It assumes that evidence of the good character of a defendant necessarily *tends* to show innocence. And it gives undue prominence to the evidence on the subject of character. *Webb v. State*, 106 Ala. 52, and cases there cited.

The testimony offered as to the wages defendant was receiving at the time of the alleged larceny was palpably irrelevant.

Affirmed.

