# Wheat v. The State.

*Indictment for selling Farm Products between Sunset and Sunrise.*

1.  *Absent witness; admissibility of testimony on the former trial.*—The testimony of a witness who was examined on a former trial, an opportunity for cross-examining the witness having been afforded the accused, is admissible as evidence on a subsequent trial upon proof that such witness is absent from the State, either permanently, or for such a length of time that his return is merely contingent or conjectural; but evidence that a witness who had testified at a former trial had been absent for a year from his home, which was in the county in which the trial was had, and that his father did not know where he was, is not sufficient to show such absence from the State, as to authorize the admission in evidence of his testimony on the former trial.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. WILLIAM S. ANDERSON.

The appellant was indicted, tried and convicted for selling farm products between sun-set and sun-rise in violation of section 4141 of the Criminal Code.

The only question presented on the present appeal, was the admission of secondary evidence of the testimony of one Scott, who was examined as a witness on the former trial of the defendant. It was shown by the State that said witness had testified on the former trial of this defendant on the same charge in the county court (from a conviction in which court the cause was appealed to the circuit court); that an attachment had been issued for said Scott, but that the sheriff had been unable to find him. There was evidence tending to show that Scott had been seen in Washington county since the former trial of the cause ; but his father testified that he had been away from home for more than a year, and that he did not know where he was. On this preliminary evidence the court admitted the testimony of the witness as to what said Scott had testified on the former trial, and to this ruling the defendant duly excepted.

[Miller v. The State.]

JOHN R. and CHAS. W. TOMPKINS, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The only question in this case is whether a sufficient predicate was laid in the circuit court for the admission of the testimony of one Scott given on a former trial before the county court in behalf of the State, on the ground that he was dead or permanently or indefinitely out of the State at the time of the trial in the circuit court. No effort to prove his death was made; and the evidence offered as to his absence went only to show that he was not in Washington county. This was wholly insufficient.—*Burton v. State*, 107 Ala. 68. The court, therefore, erred in receiving evidence as to the testimony of this witness on the former trial.

Reversed and remanded.