# CASES

# SUPREME COURT OF ALABAMA,

## NOVEMBER TERM, 1896.

## Mitchell v. The State.

*Indictment for Larceny from a Dwelling.*

1. *Witnesses; evidence of testimony of an absent witness; hearsay.*
Where an officer, who had for execution the subpœna for an absent witness and had returned it "not found," testifies that he had hunted for the witness and she could not be found in the county, but he did not know that she had left the State, he can not, for the purpose of laying a predicate for the introduction of evidence of the testimony of such absent witness given on the preliminary trial, further testify as to what was the report in the neighborhood where the witness lived as to her whereabouts, or that it was the general report in her neighborhood that she had gone out of the State; such evidence being merely hearsay and inadmissible.

2. *Larceny; argument of counsel to jury; case at bar.*—On a trial for larceny, where the prosecutor has testified that he had the stolen money in a purse, which cost him a certain amount, and the purse is put in evidence by the State, and there was also evidence tending to show that the purse belonged to defendant, counsel for defendant may, in argument, invite the jury to inspect the purse, and, after inspection, apply their own observation and experience in determining the credibility of the testimony of the prosecutor as to its cost; and in the exercise of this right, the defendant's counsel does not transcend the boundary of legitimate argument by saying in the course of his argument to the jury, "I submit to you that you can see by that purse (exhibiting to them the purse offered in evidence) that it did not cost" the amount testified to by the prosecutor, and is not worth that amount.

3. *Circumstantial evidence; sufficiency to justify conviction; charge to the jury.*—The true test of the sufficiency of circumstantial evidence to justify a conviction is, whether the circumstances, as proved, produce a moral conviction of guilt to the exclusion of every reasonable

1

[Mitchell v. The State.]

doubt; and a charge which instructs a jury that before there can be a conviction on circumstantial evidence, "the facts and circumstances must be such as are absolutely incompatible, upon any reasonable hypothesis, with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the accused," exacts too high a measure of proof, and is erroneous.

APPEAL from the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.

The appellant, Joe Mitchell, was indicted, tried and convicted of larceny of money from a dwelling. The opinion of the court sufficiently sets forth the facts relating to the rulings of the trial court, which are reviewed on this appeal.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "The court charges the jury that a conviction may rest upon circumstantial evidence of guilt alone, but in such case the facts and circumstances must be such as are absolutely incompatible, upon any reasonable hypothesis, with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the accused." (2.) "The court charges the jury that guilt must be proved in this case by facts and circumstances, all of which are consistent with each other, and with the guilt of the accused, and absolutely inconsistent with any reasonable theory of innocence."

CHARLES L. BROMBERG, Jr., for appellant.—The court erred in refusing to receive evidence tending to show that it was generally reported that Maggie Pickens had left the State.—1 Wharton on Evidence, § 178 ; 1 Greenl. on Evidence, § 163 ; *Marler v. State*, 67 Ala. 63 ; *Burton v. State*, 107 Ala. 68 ; *Lowery v. State*, 98 Ala. 49.

WILLIAM C. FITTS, Attorney-General, for the State. The predicate for the admission of the testimony of the absent witness, Maggie Pickens, was not sufficient and did not come up to the rule upon that subject, as laid down in the case of *Burton v. State*, 107 Ala. 68.

[Mitchell v. The State.]

The two charges which were refused to the defendant asserted incorrect propositions. Each is misleading and tends to confuse the jury.—*Mickle v. State*, 27 Ala. 20; *Faulk v. State*, 52 Ala. 415; *Buchanan v. State*, 109 Ala. 10; *Banks and Wood v. State*, 72 Ala. 522.

BRICKELL, C. J.—1. The first question presented is, the rejection of evidence proposed to be introduced by the defendant, having, as is insisted in argument, a tendency to show that Maggie Pickens, a witness for the defendant who had been examined on the trial before a committing magistrate, was not within the State, and her personal presence could not be compelled. The purpose of the evidence was to lay a predicate for the introduction of evidence of the testimony given by the witness on the preliminary trial. Connected with this question, is the sufficiency of the evidence which was introduced, to authorize the introduction of the evidence of the former testimony.

The deputy of the sheriff, having for execution the subpœna for the witnesses in the case, had returned not found the subpœna for the absent witness. On his examination as a witness for the dafendant, he stated that he had hunted for the witness, and she was not to be found in the county, but he did not know that she had gone without the State. The inquiry was then made of him by the defendant, whether there was any report in the neighborhood as to her whereabouts, coupling the inquiry with the statement that he had expected to show a general report in the neighborhood in which the witness lived, that she had gone out of the State; and it is the rejection of this evidence which is supposed to constitute error. It is a settled rule in this court, that if a witness who has been examined in a criminal case before a tribunal of competent jurisdiction, subsequently dies, or if not dead, becomes insane; or after diligent search, is not found within the jurisdiction of the court; or if that which is equivalent be shown, that he has left the State permanently, or for such an indefinite time that his return is contingent and uncertain, it is admissible to prove the substance of the testimony he gave formerly.—1 Brick. Dig. 878, §§ 1064-72; 3 Brick. Dig. 141, §§ 523-33; *Lowe v. State*, 86 Ala. 47; *South State, Ib.* 617; *Perry v. State*, 87 Ala. 30; *Pruitt v.*

[Mitchell v. The State.]

*State*, 92 Ala. 41; *Lucas v. State*, 96 Ala. 51; *Lowery v. State*, 98 Ala. 45; *Thompson v. State*, 106 Ala. 67; *Burton v. State*, 107 Ala. 68. The rule is exceptional, and is founded on principle of necessity, rather than upon ideas of mere convenience. To dispense with the primary evidence, and to substitute for it secondary evidence, the existence of some one of the contingencies which create the necessity must be satisfactorily shown. While the declarations of the absent witness, if she had made any, on leaving her home, as to her intention, as to where she was going, and as to her return, or the duration of her absence, it may be, would have been admissible evidence, the general report or rumor in the neighborhood as to her whereabouts, or where she had gone, or her purpose, was mere hearsay, not admissible evidence.—*Bank v. Seawell*, 18 Ala. 616; *Griffin v. Wall*, 32 Ala. 149. The witness was a known resident of the county, and the mere fact that after diligent search, she was not found at her usual place of residence, or in the county, shows no more than a present disappearance, consistent with the hypothesis that it was merely temporary, and that she was elsewhere in the State, subject to the process and jurisdiction of the court.—*Harris v. State*, 73 Ala. 495; 1 Whart. Ev., § 178. There was no error in the rulings of the court below, in the rejection of the evidence proposed to be introduced by the defendant.

2. The prosecutor in his testimony in chief, stated that he had the money, the subject of the alleged larceny, in a purse, or pocket-book, (as it seems indifferently termed in the bill of exceptions), which was put in evidence by the State, and which the prosecutor stated, cost him 30 cents. There was evidence tending to show that the purse belonged to the defendant, and that he had it prior to the larceny. In the course of his argument to the jury, the counsel for the defendant said: "Gentlemen of the jury, I submit to you, that you can see by that purse, (showing to the jury, the purse introduced in evidence), that it did not cost thirty cents, and is not worth thirty cents." The court stopped the argument, and said to the jury, that such an argument was not proper, and they could not look at the purse for the purpose of ascertaining whether it was worth thirty cents, or cost thirty cents.

[Mitchell v. The State.]

The Constitution guarantees to the accused, in all criminal accusations, the "right to be heard by himself and counsel, or either."—Const., Art. I, § 7. The right contemplated by the Constitution, and intended to be secured, is the right of the accused to be heard by counsel before the court and jury, on any and every point involved in the issues upon which the jury are to render verdict—the whole case is open for free discussion, and the counsel may suggest for the consideration of the jury, any and every fact and circumstance which may be in evidence, and draw from them such deductions and inferences, as may seem to him fair and reasonable, leaving to the jury to pass upon the force of the suggestions he may submit. The right is capable of abuse, and cases may occur, in which it becomes the duty of the court to prevent the abuse; but it is safer for the court to err on the side of liberality than of restriction. The argument of counsel was directed to the credibility of the testimony of the prosecutor, of which the jury were the exclusive judges. A consideration which necessarily would influence them in passing upon the credibility of the testimony, would be its conformity to, or inconsistency with, their general previous knowledge and experience. "A man easily credits a witness who states that to have happened which he himself has known to happen under similar circumstances." While this is by no means a certain test of the credibility of testimony, it is one a jury will apply, and it is intended they shall apply. What were the reasons inducing the court to arrest the argument, and instruct the jury that they could not look to the purse itself, to ascertain its cost or value, are not stated in the bill of exceptions. If the fact that the prosecutor had testified positively that the purse cost him 30 cents, and there was no direct evidence in conflict, induced the ruling, it was quite an error to assume that the inherent improbability of the truth of the evidence, if there was such improbability, as counsel argued, was not proper matter for the consideration of the jury. The legitimate boundary of the argument of counsel, was very clearly marked and defined in the thoroughly considered case of *Cross v. State*, 68 Ala. 476, which has been frequently approved. In *Hobbs v. State*, 74 Ala. 41, it was said by STONE, J.: "Trial courts would be treading on dangerous ground,

were they to exercise a severe censorship over the line of argument counsel may pursue. They must not allow them to constitute themselves unsworn witnesses, and to state, *as facts*, matter of which there is no testimony. But we have gone no further. On the contrary, we expressly said, in *Cross' Case*, that 'every inference counsel may think arises out of the testimony,' is a legitimate subject of criticism and discussion.'' The argument of counsel was an invitation to the jury to inspect the purse, and after inspection, to apply their own observation and experience, if any they had, in determining the credibility of the testimony of the prosecutor, as to its cost. The force of the argument was for the consideration of the jury, and in these rulings, the court below erred.

3. The court properly refused to give each of the charges requested by the defendant. They exacted too high a measure of proof, and were calculated to confuse the jury.—*Dorsey v. State*, 110 Ala. 38; *Buchanan v. State*, 109 Ala. 7; *Webb v. State*, 106 Ala. 52, and authorities cited. Besides, the true test of the sufficiency of circumstantial evidence to justify a conviction is, whether the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt. It is not necessary for the circumstances to be "such as are absolutely incompatible, upon any reasonable hypothesis, with the innocence of the accused."—*Bland v. State*, 75 Ala. 574; *Banks v. State*, 72 Ala. 522; *Matthews v. State*, 55 Ala. 65.

For the error pointed out, the judgment must be reversed, and the cause remanded. The defendant will remain in custody until discharged by due course of law.

Reversed and remanded.