# Lett *v.* The State.

## *Indictment for Larceny.*

1. *When admissible to prove substance of evidence given on former trial.*—Where a witness ,who has been examined in a criminal case before a competent tribunal, cannot be subsequently found after diligent search, within the jurisdiction of the court, or is shown to be dead, insane, or that his place of permanent residence is without the State, it is admissible to prove the substance of the evidence given by him on such examination when the defendant is again on trial for the same offence.

2. *Predicate for secondary evidence; matter addressed to the court.* It is a matter addressed to the court, in laying the predicate for the introduction of secondary evidence; and for the purpose of showing the identity of the case on trial with the charge on the former preliminary hearing, the production of the affidavit and warrant is not essential. That the former trial was for the same offense, may be shown by parol evidence, not being a fact in issue, but simply collateral.

3. *Answer when responsive to question.*—When a witness in a criminal case testifies that he had two separate conversations with the defendant in both of which he named a person from whom he got the harness, alleged to have been stolen by him, and is asked to state the name of the person the defendant mentioned in the first conversation and in reply says he does not remember, but it was different from the name mentioned by him in the second conversation, the answer was responsive and objection to it on the ground that it was not a responsive answer was without merit.

APPEAL from Conecuh Circuit Court.

Tried before Hon. J. R. TYSON.

Abb Lett was indicted for larceny. As a predicate for the introduction of the evidence of a witness given on the preliminary trial of the defendant in this case, the state proved that about two months before the present trial the witness was seen in Pensacola, Florida; and that "about two years ago," at the time of the said pre-

liminary trial, he declared that he resided in Pensacola; and that the sheriff could not find him in the county.

JOHN D. BURNETT, for appellant, cited *Harris v. State,* 73 Ala. 495; *South v. State,* 86 Ala. 617; *Blackman v. Dowling,* 57 Ala. 57; *Bogan v. McCutchen,* 48 Ala. 493.

CHAS. G. BROWN, Attorney-General, for the State, cited, *Burton v. State,* 115 Ala. 10; *Mitchell v. State,* 114 Ala. 3; *Lowery v. State,* 98 Ala. 47; *Perry v. State,* 87 Ala. 30.

DOWDELL, J.—It has now become a settled question by the decisions of this court, that where a witness, who has been examined in a criminal case before a competent tribunal, cannot be subsequently found, after diligent search, within the jurisdiction of the court, or is shown to be dead, insane, or that his place of permanent residence is without the State, it is admissible to prove the substance of the evidence given by him upon the former trial.—*Burton v. State,* 115 Ala. 10; *Mitchell v. State,* 114 Ala. 3, 4; *Burton v. State,* 107 Ala. 73; *Lowery v. State,* 98 Ala. 47; *Pruitt v. State,* 92 Ala. 42, 43; *Perry v. State,* 87 Ala. 30; *Lowe v. State,* 86 Ala. 47.

The proof as to the non-residence of the witness Howard furnished a sufficient predicate for the introduction of secondary evidence as to the testimony given by him upon the former trial before the committing magistrate.

It is a matter addressed to the court, in laying the predicate for the introduction of secondary evidence, and for the purpose of showing the identity of the case on trial with that of the charge on the former preliminary hearing, the production of the affidavit and warrant is not essential. That the former trial was for the same offense, may be shown by parol evidence, not being a fact in issue, but simply collateral.

The evident purpose of the solicitor's question to the witness Luman Savage, "Who did he (defendant) tell you in the first conversation he got the harness from?" was to show a different person from that given by the defendant in the second conversation, and the answer of the witness that he had forgotten the name of the per-

son then given by the defendant, but that it was differ-ent from the name of the man defendant gave in the sec-ond conversation, was a responsive answer, and the ob-jection of the defendant on the ground that the answer was not responsive, is without merit.

There was no error in excluding the evidence of de-fendant's witness, Abrans, "that John Howard told him, witness, that he, Howard, had harness in the sack." This was purely hearsay.

We find no error in the record, and the judgment of the circuit court is affirmed.