(87 South. 700)

## WIGGINTON v. STATE.

### Ex parte STATE ex rel. SMITH, Atty. Gen.

#### (8 Div. 306.)

(Supreme Court of Alabama. Dec. 23, 1920.)

1. **Criminal law** ⊗⟹698(I)—**Evidence should be considered in establishing predicate, though it might have been excluded on grounds not urged.**

. If testimony adduced to establish a predicate for the admission of testimony given on a preliminary hearing was admitted without error, it should have been considered, though its admissibility might have been challenged on grounds not urged.

2. **Criminal law** ⊗⟹695(4)—**Objections to evidence of testimony on preliminary hearing for want of sufficient predicate held sufficient.**

Objections to the admission of testimony given by an absent witness on preliminary hearing because a proper predicate had not been laid for secondary evidence or for the introduction of testimony of a witness on preliminary hearing and because there was not sufficient proof of nonresidence were sufficient.

3. **Criminal law** ⊗⟹543(I)—**When testimony on preliminary hearing admissible stated.**

If testimony was given by an absent witness under' oath on defendant's preliminary trial before a magistrate of 'competent jurisdiction, and the right of cross-examination was afforded, and the whereabouts of the witness is unknown and his testimony at first hand unobtainable by due diligence, the testimony on such preliminary trial may be proved on defendant's trial for the same offense.

Certiorari to Court of Appeals.

Van Wigginton was convicted of murder in the second degree, and his conviction was reversed by the Court of Appeals (17 Ala. App. 651, 87 South. 698), and the State, on relation of its Attorney General, petitions for certiorari to review and revise the judgment of the Court of Appeals. Writ granted, judgment reversed, and cause remanded to the Court of Appeals.

J. Q. Smith, Atty. Gen., and Callahan & Harris, of Decatur, for petitioner.

Parties have the privilege and may try their causes on illegal evidence, and, when they do so, such evidence becomes legal, and cannot be excluded or disregarded by appellate- courts. 156 Ala. 465, 47 South. 97; 112 Ala. 355, 20 South. 470; 91 Ala. 567, 8 South. 347; 20 Ala. 43; 96 Ala. 126, 11 South. 409; 38 Cyc. 1394; 52 S. C. 193, 29 S. E. 634, 68 Am. St. Rep. 895. Applying these authorities to the record, the court erred in its finding. The predicate was sufficient. 12 Ala. App. 265, 68 South. 500; 11 Ala. App. 331, 66 South. 820; 92 Ala. 41, 9 South. 406; 183 Ala. 61, 63 South. 71.

W. R. Walker, of Athens, opposed.

The court reached a proper conclusion, and the Supreme Court will not disturb it. 203 Ala. 585, 84 South. 725; 124 Ala. 148, 27 South. 386. The court properly held that the predicate was not sufficient. 89 Ala. 194, 7 South. 660; 30 Ala. 672; 50 Ala. 54; 121 Ala. 385, 25 South. 780; 82 Ala. 16, 2 South. 683; 17 Ala: 354; 73 Ala. 496, 117 Ala. 93, 23 South. 130; 81 South. 543.

BROWN, J. After holding that the objections taken by the defendant to the testi-

mony offered by the state for the purpose of laying a predicate for the introduction of testimony of the absent witness Graham, given on the preliminary trial of the defendant, were unavailing because they did not point out any infirmities in the testimony, the Court of Appeals, rejecting a part of the testimony offered for that purpose, holds that what remained was not sufficient to constitute a predicate on which the testimony of the absent witness could be received.

[1] If the testimony adduced to establish the predicate was admitted without error, though its admissibility might have been challenged on grounds not urged, all the testimony going to establish the predicate should have been considered by the court. Sterne v. State, 20 Ala. 43; Billingsley v. State, 96 Ala. 126, 11 South. 409; Hays v. Lemoine, 156 Ala. 465, 47 South. 97.

[2, 3] The question presented by the objections as to the sufficiency of the predicate— and we hold that either of the grounds stated were sufficient for that purpose—is, after making proper allowance for the finding of the trial court: Does it sufficiently appear that the proposed testimony was given by the witness under oath on the preliminary trial of the defendant for the offense for which he is now being tried before a magistrate of competent jurisdiction, where the right of cross-examination was afforded, and that the whereabouts of the witness was unknown and his testimony at first hand unobtainable by due diligence? Pope v. State, 183 Ala. 62, 63, 63 South. 71; Pruitt v. State, 92 Ala. 43, 9 South. 406; Chamberlayne's Handbook on Ev. § 264. If these facts appear, the testimony on the former trial was competent. If this predicate was not established, the testimony was not admissible.

The writ of certiorari will be granted. The judgment of the Court of Appeals will be reversed, and the cause remanded to that court for further consideration.

Writ granted.

All the Justices concur.