## BALDWIN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1925.)

No. 4164.

1. Criminal law ⬦⇒901, 1044—Motion for directed verdict waived by introducing evidence; sufficiency of evidence not reviewable, unless motion is renewed.

A motion to direct a verdict for defendant, made at the close of the government's case, is waived by the subsequent introduction of evidence, and, unless renewed at the conclusion of all the testimony, the question of the sufficiency of the evidence cannot be considered by the appellate court.

2. Criminal law ⬦⇒1158(4)—Ruling on preliminary question of admissibility of evidence not reviewable, except for manifest error.

The finding of the trial judge on a preliminary question as to admissibility of evidence at least carries the same weight as the finding of a jury on a disputed question of fact, and will not be disturbed by a reviewing court unless error is manifest.

3. Criminal law ⬦⇒542—Testimony of deceased witness, given at preliminary hearing, held admissible.

Testimony of a witness at the preliminary hearing is admissible on the trial, on a showing, first, of his death, and, second, that the accused was personally present when he testified and had opportunity to cross-examine, whether he did so or not.

4. Criminal law ⬦⇒547(4)—Former testimony of deceased witness may be read to jury.

Where the testimony given by a witness, since deceased, at the preliminary hearing, was reduced to writing in narrative form and signed by him, it may be read to the jury, instead of being used merely to refresh recollection of witness identifying it.

In Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

Criminal prosecution by the United States against N. M. Baldwin. Judgment of conviction, and defendant brings error. Affirmed.

See, also, 300 F. 479, 1002.

T. J. Cline and A. Y. Burrows, both of Knoxville, Tenn., for plaintiff in error.

George C. Taylor, U. S. Atty., of Knoxville, Tenn.

Before DENISON and DONAHUE, Circuit Judges, and WESTENHAVER, District Judge.

WESTENHAVER, District Judge. Plaintiff in error, a registered physician, was charged by indictment with having sold and dispensed morphine sulphate, not in the bona fide course of professional treatment of a patient, in violation of section 2, Harrison Anti-Narcotic Act (Comp. St. § 6287h). The indictment contained two counts charging two separate transactions. He was found guilty, and sentenced to two years' imprisonment and fined $200 upon each count; both fine and imprisonment thus imposed being concurrent.

[1] No exception was taken to the charge. The assignment of error that the evidence was insufficient to sustain a conviction cannot be considered. A motion to direct a verdict of not guilty for insufficient evidence was made at the conclusion of the government's testimony, but was waived by proceeding thereafter to introduce testimony on behalf of the defendant, and was not renewed at the conclusion of all the testimony. It is too late to question the sufficiency of the evidence on a motion for a new trial. See Loewenthal v. United States (6 C. C. A.) 274 F. 563, 568; Lockhart v. United States (6 C. C. A.) 264 F. 14; Moore v. United States, 150 U. S. 57, 14 S. Ct. 26, 37 L. Ed. 996.

[2] The only errors properly preserved and assigned pertain to the admission of testimony. Of these, one only is substantial. The second count is based on a sale to one C. E. Everett of morphine sulphate. The government introduced evidence tending to show that Everett was dead, and was then permitted to prove his testimony given at a preliminary hearing before the United States commissioner. It is urged that there was no adequate showing of Everett's death, and that, in any event, testimony of a deceased witness at a preliminary hearing is not admissible on a later trial. Proof of death, so as to make former testimony admissible, is addressed to the trial judge and is determined by him. According to some authorities, his finding upon a preliminary question of admissibility is conclusive and will not be reviewed; but, in any event, his finding carries the same weight as the finding of a jury upon a disputed issue of fact and will not

be disturbed by a reviewing court unless the error is manifest. Reynolds v. United States, 98 U. S. 145, 154, 25 L. Ed. 244; Greenleaf on Evidence, § 49; Jones on Evidence, § 796; Whar. on Cr. Ev. §§ 275b, 447. In our opinion, the evidence in this case sufficiently supported the trial judge's finding. The evidence is quite adequate to support a finding that the Everett named in the second count was the Everett who had died and who had testified before the commissioner. Nor is it discredited by the fact that the witness testifying to his death knew him only as Charlie Everett, and not as Charles E. Everett.

[3] Former testimony of a witness at a preliminary hearing is admissible at the trial upon a showing, first, of death, and, second, that the accused was personally present when he so testified and had the opportunity to cross-examine. It is not essential that the accused should have in fact so cross-examined or have been then represented by counsel. It is sufficient if he was personally present, was confronted by the witness, and might have had counsel or have cross-examined if he had so desired. All these conditions were fully established. The law to this effect is so well settled that it is deemed sufficient to cite the authorities without reviewing them. Reynolds v. United States, 98 U. S. 145, 158, 25 L. Ed. 244; Mattox v. United States, 156 U. S. 237, 240, 15 S. Ct. 337, 39 L. Ed. 409; Motes v. United States, 178 U. S. 458, 471, 474, 20 S. Ct. 993, 44 L. Ed. 1150; West v. Louisiana, 194 U. S. 258, 262, 263, 24 S. Ct. 650, 48 L. Ed. 965; 1 Wharton Cr. Ev. (10th Ed.) §§ 227, 228; Wigmore on Evidence, § 1398; note 25 L. R. A. (N. S.) 868.

[4] The commissioner reduced Everett's testimony to writing in narrative form and had him sign and swear to it in the presence of the accused. After the commissioner had so testified and identified the written testimony, it was read in evidence. It is urged that this was error, and that proper practice permitted the witness to use the same only for the purpose of refreshing his recollection and did not permit its being read after this proof of its authenticity and accuracy. The objection is without merit. The practice followed was proper if not preferable. See Wigmore on Ev. §§ 747, 754; Ruch v. Rock Island, 97 U. S. 693, 695, 24 L. Ed. 1101.

Due consideration has been given to all other errors assigned, pertaining to the admission of the testimony of C. H. Hickman, S. E. Weisne or Wein, and R. E. Spears;

but all are, in our opinion, without merit and do not call for separate comment.

Nothing in the record indicates any such substantial error or failure of justice as to warrant notice being taken thereof by this court of its own motion. The conviction and sentence is affirmed, and mandate will issue forthwith.