**WOODWARD v. STATE.** (6 Div. 898.)

(Court of Appeals of Alabama. June 8, 1926.)

1. **Burglary** ⬅28(7)—**Criminal law** ⬅371 (6)—**Ownership of goods and commission of larceny is immaterial, and evidence of larceny admissible only to show intent, in trial for burglary in breaking into building with intent to steal.**

To convict of burglary in breaking into building belonging to person named as owner in indictment with intent to steal, it is immaterial to whom goods therein belonged, or whether larceny was actually committed, evidence of larceny being admissible only to show intent.

2. **Burglary** ⬅28(7)—**That articles were stolen from space rented from owner of building entered cannot avail defendant, and creates no variance between allegations and proof.**

That articles were stolen from space rented from owner of building broken into cannot avail defendant in burglary trial, and creates no variance between allegations and proof.

3. **Witnesses** ⬅88.

Testimony of defendant voluntarily testifying is competent.

4. **Criminal law** ⬅547(3).

Where codefendant refused to testify for state at second trial of accused, other witnesses' testimony as to what he swore to as witness on former trial was admissible.

5. **Criminal law** ⬅543(1)—**Testimony on former trial in cause between same parties by witness, whom it is impossible to produce and have testify, may be introduced in subsequent trial.**

While mere fact that testimony was given on former trial in cause between same parties is not ground for admitting it on subsequent trial, such testimony of witness, whom it is impossible to produce and have testify in subsequent proceedings, may be introduced therein.

Appeal from Circuit Court, Cullman County; J. E. Horton, Judge.

Milton Woodward was convicted of burglary, and he appeals. Affirmed.

F. E. St. John, of Cullman, for appellant.

There was a variance between the indictment and the proof, and defendant was entitled to the affirmative charge. Givens v. State, 40 Fla. 200, 23 So. 850. The witness Wren was present in court, and the admission of testimony as to what Wren swore on a former trial was unauthorized. Hines v. Miniard, 208 Ala. 176, 94 So. 302; Long v. Davis, 18 Ala. 801; Duncan v. Watson, 198 Ala. 180, 73 So. 448; Ala. C. C. & I. Co. v. Heald, 171 Ala. 263, 55 So. 181; Wigginton v. State, 17 Ala. App. 651, 87 So. 698.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant was not entitled to the affirmative charge. Brown v. State, 20 Ala. App. 178, 101 So. 224; Code 1923, § 3479. The refusal of the witness to testify rendered admissible evidence of what he testified on a former trial. Wigginton v. State, 17 Ala. App. 651, 87 So. 698; State v. Stewart, 85 Kan. 404, 116 P. 489; Marler v. State, 67 Ala. 55, 42 Am. Rep. 95; Pratt v. Patterson, 81 Pa. 114; 1 Greenleaf, Evi. (16th Ed.) 283.

BRICKEN, P. J. This appellant was jointly indicted, with another, one Emmet Wren, for the offense of burglary. A severance was had and the defendant, Milton Woodward, was alone placed upon trial and convicted. He was duly sentenced to serve an indeterminate term of imprisonment in the penitentiary of not less than two years nor more than three years. From the judgment of conviction this appeal was taken.

[1] We regard the evidence adduced upon this trial as being sufficient to establish the corpus delicti. Appellant's insistences in this connection cannot be sustained. The indictment charged that he (they, naming them), with intent to steal, broke into and entered the pool room, store, warehouse, or other building of G. A. Hickman, in which goods, merchandise, or clothing, things of value, were kept for use, sale, or deposit, etc.

[2] If the building in question was that of G. A. Hickman, as the testimony without conflict tends to show, and if the accused broke into and entered said building with intent to steal, it would be immaterial to whom the goods, etc., therein belonged, or whether a larceny was actually committed or not; the larceny and evidence thereof being admissible, under a charge of this character, only for the purpose of showing the intent. The evidence disclosed that the building alleged to have been burglarized was about 80 feet long and about 30 feet wide. The fact that the articles alleged to have been stolen were stolen from

a subdivision of said building, described as a little space therein "screened off," said space having been rented from Hickman by one Hale, cannot avail the defendant, and creates no variance between the allegations in the indictment and the proof offered in support thereof.

[3, 4] It appears from the record that this case had been formerly tried in the circuit court of Cullman county, and that said former trial resulted in a disagreement of the jury and a mistrial was entered. Upon the first trial the codefendant Emmet Wren volunteered to testify and did so testify upon said trial. This he had a right to do, and, having so elected, his testimony upon said trial was competent and legal evidence. Upon this, the second trial, said Wren was offered as a witness for the state, and he testified upon this trial. "My name is Emmet Wren. I testified on the former trial of this case, before a jury." Upon being further interrogated by the state as to the facts and circumstances touching or relating to the alleged burglary, he was advised by the court that "he could refuse to answer the questions if he did not want to." He availed himself of this right, and thereafter, in response to the numerous questions propounded to him by the solicitor, stated: "I refuse to answer the question." On this trial he gave no testimony other than as stated above. Thereupon the state called as witnesses J. H. Nix, Ira Childs, and W. T. Willoughby, each of whom testified they were present at the former trial of this case and heard Emmet Wren testify as a witness in this same case, and that said Wren on that occasion was examined by the state's counsel and cross-examined by defendant's counsel. Whereupon each of these witnesses, in the order named, was asked to tell the jury what Emmet Wren swore upon the former trial of this case. The defendant in each instance interposed objection, and, as grounds of objection stated, "that the witness, Emmet Wren, is not out of the state, and not beyond the jurisdiction of the court, and because no proper predicate has been laid for the purpose of proving his testimony on the former trial, and because it calls for illegal, irrelevant, and immaterial testimony, because the defendant is entitled to be confronted by the witness against him, and because it is a violation of the constitutional rights, and because it calls for hearsay testimony, because there is better evidence of what the witness testified to on the former trial, because it is in the nature of a confession and the corpus delicti has not been proven, and because you cannot prove the corpus delicti by the confession of the defendant or his accomplice."

The objection in each instance was overruled, and defendant excepted. Each of the three witnesses named was thereupon permitted to testify as to what said Emmet Wren swore on the former trial in the circuit court when examined as a witness in this same case.

These rulings of the court present, we think, the principal question upon this appeal. The point of decision involved is not without difficulty. We find the available authorities to be more or less out of harmony.

[5] After a careful consideration of the question involved we are inclined to the opinion that the court committed no error in these rulings, and that under the existing conditions the evidence was properly allowed. Of course it must be conceded that the mere fact that testimony has been given upon a former trial in a cause between the same parties is no ground of itself for admitting it in evidence upon a subsequent trial. However, the generally accepted rule appears to be that if for any reason it is impossible to produce the witness and have him testify in the subsequent proceedings, the evidence of such witness, given at a former trial or examination between the same parties, may be introduced. The authorities are of one accord in this respect, if the witness has since died, become insane or permanently sick and hence unable to testify, or is out of the jurisdiction of the court, or has been kept away from the trial by the opposite party. The object of the rule is apparent, and is to arrive at the truth and do justice. It would certainly tend to an opposite result if, as to testimony carefully taken upon a former trial, at which the accused was represented by counsel, who was permitted the right of cross-examination, such rule did not prevail. A case very much in point is that of State v. Stewart, 85 Kan. 404, 116 P. 489. In a well considered opinion the Supreme Court of Kansas, in said case, stated:

"The authorities, although not unanimous, generally held that proof of such testimony may be received when the witness is dead or insane, or where there is a loss of memory resulting from illness or old age, or where he is feeble and physically unable to attend court, or where his whereabouts are unknown and cannot be ascertained after diligent search, or where the adverse party has caused the witness to conceal or absent himself from the trial, or where he has become disqualified since the former trial by reason of interest, infamy, incapacity or the doing of some act whereby his testimony becomes unavailable to either party to the litigation. * * *

"In this instance the witness was living and was present at the trial, but he claimed his statutory privilege and declined to testify against his wife. * * * He was a competent witness and had a right to testify against her either with her consent or over her objection. * * * He had voluntarily testified in the preliminary examination in her presence and where the accused was given full opportunity to cross-examine him and to test the accuracy and truth of his statements. It was voluntarily given by a competent witness. It was legal evidence

when given. It was a closed and completed thing, capable of reproduction, and was available in subsequent trials in cases where it was the best evidence obtainable. His refusal to testify viva voce at the trial made the information which he had formerly given as inaccessible to plaintiff as if he had been dead or out of the jurisdiction of the court.

"It is sometimes said that the testimony of a witness at a former trial cannot be read if he is present at the trial, but its admissibility does not depend so much on the presence or availability of the witness as it does on the availability of the testimony; and the testimony of Stewart was just as unavailable as if he had walked over the state line where process could not be served upon him. * * *

"If a witness cannot prevent the use of his testimony by stepping outside the jurisdiction of the court, or the acquiring of an interest or other act which disqualifies him as a witness, it would appear that he cannot defeat the use of testimony given when he was competent, and which was reduced to writing, by claiming a statutory privilege and refusing to testify viva voce when called to the witness stand."

The above-quoted portion of that decision goes to the spirit of the rule and the reason therefor. We think it sound and peculiarly applicable to the case at bar. Here, witness Emmet Wren, upon the first trial of this case, voluntarily took the stand as a witness and gave testimony of the fact and circumstances involved upon this trial. That he had a right so to elect cannot be questioned. Having elected to testify, his evidence given upon the first trial was competent and legal. Upon the second trial, upon intimation or by instruction from the court, he availed himself of his constitutional right not to testify. By this action his testimony was not available to the state, through no fault of the state, and so far as the effect of his refusal to testify is concerned made his testimony which he had formerly given as inaccessible to the state as if he had been dead or out of the jurisdiction of the court. As stated in the Stewart Case, supra, the admissibility does not depend so much on the presence or availability of the witness as it does on the availability of the testimony; and the testimony of Emmet Wren here, when he reserved the right not to testify, was just as unavailable as if he had moved permanently from the state, or if he had died.

Upon the former trial, this defendant had full right and opportunity to cross-examine this witness. As stated, we think, from what has been said, that the evidence was competent and that the court below ruled correctly in so holding. A different question might be presented if the witness Emmet Wren were on trial.

We see no error of a reversible nature, and therefore affirm the judgment of conviction from which this appeal was taken.

Affirmed.