(113 So. 469)

### ADKISON v. CITY OF ANDALUSIA.
### (4 Div. 269.)

Court of Appeals of Alabama. May 24, 1927.

Rehearing Denied June 21, 1927.

Marcus J. Fletcher, of Andalusia, for appellant.

132

E. O. Baldwin, of Andalusia, for appellee.

BRICKEN, P. J. The prosecution against this appellant originated in the recorder's court of the city of Andalusia. The charge or accusation against him was the violation of a certain ordinance of said city, which prohibited the selling, keeping for sale, offering for sale, or possessing spirituous, vinous, or malt liquors. The affidavit and warrant in the recorder's court charged that he "committed the offense of violating the prohibition laws in violation of an ordinance of said city." No objection by demurrer or otherwise was interposed to the affidavit or complaint in the recorder's court. The trial in said court resulted in his conviction. He thereupon, within the time required by law, appealed to the circuit court, and perfected his appeal on January 15, 1926, the same date upon which he was tried in the recorder's court.

▉ The record shows that on the 15th day of February, 1926, the defendant made and entered upon the motion docket in the circuit court a motion to dismiss his appeal; said motion reciting that he had elected to abide by the judgment rendered against him in the recorder's court. The court overruled the motion to dismiss the appeal, and exception was duly reserved. This ruling of the court is duly assigned as error.

The statute (section 2307, Code 1923), provides that appeals from judgment of conviction for a violation of a municipal ordinance shall be governed in all respects by the laws regulating appeals from judgments of justices of the peace in criminal cases, unless otherwise provided by law or the charter of a town. The record discloses that every requirement necessary to perfect the appeal to the circuit court had been complied with, and that the transcript of all the proceedings in the recorder's court, together with the appeal bond of defendant, was duly certified to the circuit court and filed with the clerk of said court on January 21, 1926. Thus the jurisdiction of this cause was fixed in the circuit court, and at the time of the motion, above referred to, to dismiss the appeal, the recorder's court had been divested of all jurisdiction in this cause. The case of Green v. State, 21 Ala. App. 201, 106 So. 683, is directly in point on this question. In that case this court said:

"When an appeal is taken and perfected from the judgment of any court to a higher court, the jurisdiction vests at once in the higher court and such appeal divests the court from which it is taken of all jurisdiction thereof."

The court's ruling in this connection was in accord with the law governing this question, and it follows that the exception reserved is without merit and cannot be sustained. See, also, Kennedy v. Town of Oxford, ante, p. 77, 112 So. 813.

▉ In appeals of this character, assignment of error is necessary; this the appellant has done. However, several of the assignments are not insisted upon or argued in brief of counsel and are therefore waived. Only such assignments of error as are properly presented will be considered.

▉▉ Before entering upon the trial in the circuit court, counsel for appellee filed a complaint consisting of two counts based upon the original affidavit, to which the defendant interposed several grounds of demurrer. These demurrers were properly overruled. The complaint was good and met the necessary requirement. The question of publication of an ordinance is a matter of proof and is essential to its validity. Ample proof of its regular enactment and publication was made, and the objection to its being offered in evidence was properly overruled. Code 1923, § 2000.

▉ On the original trial in the recorder's court one Willie Taylor was examined as a witness for the city, and upon this trial, over the objection of defendant, the court permitted the city to prove the substance of this witness' testimony given at that time. Full and proper predicate was laid for the introduction of the absent witness' testimony. It was shown without dispute that he, the witness, was permanently absent from this state, and that he had moved beyond the jurisdiction of the court and had gone with his mother and father to live permanently in the state of Colorado. The rule relative to the admission of evidence under such condition is fully stated in the case of Woodward v. State, 21 Ala. App. 417, 109 So. 119.

▉ It is appears to this court that the trial of this appellant, in the circuit court, was conducted throughout in a very careful and painstaking manner. The oral charge of the court was able, full, and fair. In addition thereto, the court gave numerous special charges requested in writing by defendant. Some charges were refused, but it clearly ap-

pears that all of such refused charges, as properly stated the law, were fairly and substantially covered by the court's oral charge. This being true, the court was under no duty to give them.

The material facts in this case were in dispute; this conflict presented a jury question rendering inapt the affirmative charge for defendant.

The motion for a new trial was, in effect, a mere repetition of the points of decision involved upon the main trial. It was properly overruled.

We discover no error of a reversible nature and therefore hold that the judgment of the circuit court appealed from be affirmed.

Affirmed.