(129 So. 21)

## McCOY v. STATE.
### 5 Div. 53.

Supreme Court of Alabama.
May 29, 1930.

Rehearing Denied June 26, 1930.

467

Charlie C. McCall, Atty. Gen., and Luther Patrick, Asst. Atty. Gen., for the State.

Denson & Denson, of Opelika, and Bird & Hicks, of Phenix City, for appellant.

THOMAS, J.

It is provided by statute that "the common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this State, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature." Section 14, Code 1923.

The rule of the common law as to husband and wife was that "in trials of any sort they are not allowed to be evidence for, or against, each other; partly because it is impossible their testimony should be indifferent, but principally because of the union of person; and therefore, if they were admitted to be witnesses for each other, they would contradict one maxim of law, 'nemo in propria causa testis esse debet;' and if *against* each other, they would contradict another maxim, 'nemo tenetur seipsum accusare.' But, where the offence is directly against the person of the wife, this rule has been usually dispensed with; and, therefore, by statute 3 Hen. VII, c. 2, in case a woman be forcibly taken away, and married, she may be a witness against

468

such her husband, in order to convict him of felony. For in this case she can with no propriety be reckoned his wife; because a main ingredient, her consent, was wanting to the contract; and also there is another maxim of law, that no man shall take advantage of his own wrong; which the ravisher here would do, if, by forcibly marrying a woman, he could prevent her from being a witness, who is perhaps the only witness to that very fact." Cooley's Blackstone, 1872, book 1, c. 15, p. 443.

This state has long recognized the common-law rule. Barlow v. Lambert, 28 Ala. 704, 65 Am. Dec. 374; Louisville & Nashville Railroad Co. v. Cook, 168 Ala. 592, 53 So. 190.

A modification in this jurisdiction in respects here pertinent was made by section 5639, Code of 1923, as follows: "The husband and wife may testify either for or against each other in criminal cases, but shall not be compelled so to do."

■ It may be said of the modification of the common-law rule giving the husband and wife the privilege of testifying against the other in judicial proceedings, under our statute in "criminal cases," the common-law rule being based upon considerations "of the deepest and soundest principles of our nature," that of the general welfare of human society and upon public policy, legislative enactments in modification thereof should be clear and such as to prevent reasonable doubt as to the legislative intent and of the limits of such change. Bassett v. United States, 137 U. S. 496, 11 S. Ct. 165, 34 L. Ed. 762, 764; Lucas v. Brooks, 18 Wall. 436, 453, 21 L. Ed. 779, 783.

■ When the statute is carefully considered, it is sufficient to change the common law and to allow the wife, *if she so desires*, to testify against the husband and over his objection; she shall not be compelled to do so. Acts 1915, p. 942, § 1, section 5639, Code; Jay v. State, 15 Ala. App. 255, 73 So. 137; De Bardeleben v. State, 16 Ala. App. 367, 77 So. 979. See Johnson v. State, 94 Ala. 53, 10 So. 427.

■ In Woodward v. State, 21 Ala. App. 417, 109 So. 119, the codefendant refused to testify for the state on the second trial of accused and refused at the last trial; other witnesses were permitted, on proper predicate, to testify as to what the witness swore, on former trial, notwithstanding such refusal to testify under his constitutional right.

The case of Langham v. State, 12 Ala. App. 47, 59, 68 So. 504, 509, was before the act of 1915, and held that a competent witness was not disqualified by subsequent marriage with defendant. Id., 192 Ala. 687, 68 So. 1019. The general rule as to the admissions of a witness given on former trial is thus stated: "Under the English common law, the courts seldom, if ever, admitted the testimony of a witness given on a former trial, except in case of his death; but a review of the authorities shows that the constant tendency has been to relax this strict rule, 'in order to prevent a failure of justice,' and it seems to be reasonably well settled, although the authorities are not entirely uniform, that if the right of cross-examination has been exercised, or full opportunity afforded therefor, such evidence is admissible: (1) Where the witness is dead; (2) is insane or mentally incapacitated; (3) is shown to be beyond the seas; (4) is kept away by the contrivance of the opposite party; (5) has gone beyond the jurisdiction of the court, or his personal attendance is unobtainable by the exercise of due diligence; and (6) where the witness is alive, and his personal attendance may be obtained, if he has been rendered incompetent as a witness by subsequently occurring facts for which the party offering the testimony is not responsible, and over which he had no control. Pope v. State, 183 Ala. 61, 63 So. 71; Harwell v. State [12 Ala. App. 265], 68 So. 500; 2 Chamberlayne, Mod. Ev. § 1624; Jones on Ev. §§ 341–343; Stephens on Ev. art. 32; 16 Cyc. 1101; Burton v. State, 107 Ala. 71, 18 So. 240; Reynolds v. U. S., 98 U. S. 145, 25 L. Ed. 244; Bergen v. People, 17 Ill. 426, 65 Am. Dec. 672; Wells v. Insurance Co., 187 Pa. 169, 40 A. 802."

And in Pope v. State, 183 Ala. 61, 62, 63, 63 So. 71, it was declared: "This court in a number of cases has expressed its favor to the admissibility of secondary evidence in such circumstances, and it may now be said to be well settled in this state. Lowe v. State, 86 Ala. 52, 5 So. 435; Thompson v. State, 106 Ala. 74, 17 So. 512; Burton v. State, 107 Ala. 68, 18 So. 240; Mitchell v. State, 114 Ala. 1, 22 So. 71; Burton v. State, 115 Ala. 1, 22 So. 585; Lett v. State, 124 Ala. 64, 27 So. 256; Percy v. State, 125 Ala. 52, 27 So. 844. But, testimony of this character being admitted from necessity and by way of exception to the general rule of the law, the party offering it assumes the burden of showing to the court that he has exercised due diligence to find the witness."

We find no reversible error in the ruling of the trial court. The husband and wife are bound by the voluntary action and giving testimony at preliminary examination and the opportunity of objection and cross-examination. The fact of inability to compel the wife *to testify on the last trial is within the analogy to be found in Woodward v. State, supra*; State v. Stewart, 85 Kan. 404, 116 P. 489.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.