## GULLEDGE v. STATE.

4 Div. 961.

Court of Appeals of Alabama.

May 16, 1933.

Rehearing Denied June 6, 1933.

Harry Adams, of Enterprise, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of bigamy. Code 1923, § 3440.

It was shown definitely, positively, and without dispute, that appellant had married two women, at different times, and that the wife by the first marriage was living at the time of his marriage to the second woman. Under the law, as it exists, it was incumbent upon appellant to show that his first marriage had been legally dissolved, else he was due to be convicted. Fuquay v. State, 217 Ala. 4, 114 So. 898.

In the circumstances, the only way he could show this was by offering evidence tending to show a divorce, etc., from the first of the women he married. He did not do this, hence we find no fault with the giving by the court to the jury of the general affirmative charge, with hypothesis, etc., to find in favor of the state.

The judgment is affirmed.

Affirmed.

## SOUTH HIGHLANDS INFIRMARY v. IMPERIAL LAUNDRY CO.

6 Div. 264.

Court of Appeals of Alabama.

April 18, 1933.

Rehearing Denied June 6, 1933.

W. Emmett Perry and Caesar Powell, both of Birmingham, for appellant.

Amzi G. Barber, of Birmingham, for appellee.

RICE, Judge.

Appellant, alleging, etc., that it held a judgment in which there was no waiver, etc., of exemptions, etc., against one E. H. Maddox, procured a writ of garnishment to be issued and served on appellee, etc. Code 1923, c. 298.

No notice of this writ of garnishment was ever served upon the defendant E. H. Maddox (Code 1923, § 8056), who is shown to have been a resident of the state at the time of the issuance and service of said garnishment writ, and, for aught appearing, presumably, ever since (22 C. J. 86).

Because of the failure to serve notice upon said defendant, the judgment of the lower court in favor of garnishee appellee must be affirmed, regardless of the legal merit, vel non, of the contentions advanced by the respective parties to this appeal. Hurt et al. v. Knox, 220 Ala. 448, 126 So. 110. And it is so ordered.

Affirmed.