152 So. 51

**BRIDGES v. STATE.**

6 Div. 433.

Court of Appeals of Alabama.
June 30, 1933.

Rehearing Denied Sept. 12, 1933.

2

Fort, Beddow & Ray, Albert Boutwell, and Crampton Harris, all of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This is the second appeal·in this case. Bridges v. State, 225 Ala. 81, 142 So. 56. A companion case, in which many of the questions involved are discussed, is Cline v. State, 25 Ala. App. 433, 148 So. 172.

The defendant stands convicted of the murder of Edward Francis Van Merkestyn, by an explosion of dynamite. The evidence for the state tends to prove that about 8 o'clock p. m. July 10, 1931, deceased and a companion were walking along a street in Birmingham, Ala., in front of the plant of the Pure Milk Company on Avenue G; that as they approached the front of the milk plant there was an explosion of a dynamite bomb on the inside of the milk plant, and as a result of this explosion deceased was killed.

It may be stated as facts conceded in this case, or at least not disputed, that the bomb, which destroyed the milk plant and killed deceased, was prepared by some party or parties, ignited, and thrown into the milk plant with such reckless disregard of human life as to constitute murder. In fact, we may add that the undisputed facts as shown by this record not only disclose a total and depraved disregard of the rights of property and of human life, but evinces a revolt at civil liberty and organized government. It is hard to realize that such a crime could have been de-signed and carried to fulfillment in a civilized community and that a jury could be found whose verdict would, in a measure, condone such a crime.

We are moved to the above expression by reason of the criticism of the trial judge in appellant's brief, on account of the remarks made by him to the jury after verdict and at the time of sentence, growing out of his indignation at what he conceived to be a too great leniency on the part of the jury in fixing the punishment for a crime so heinous, after the jury believed beyond a reasonable doubt that defendant was guilty.

The corpus delicti having been fully established, there remained but one question to be determined: Was the defendant a guilty agent? Upon this question the evidence is in conflict. The positive and circumstantial evidence for the state tends to prove, not only that defendant participated in the commission of the crime, but that he was a leader in it. The evidence for the defendant is contra, thus making a question for the jury.

A large part of brief of counsel is devoted to a discussion of the state's evidence in an insistence that the corroboratory witnesses for the state were so thoroughly impeached as not to amount to such corroboration of the testimony of accomplices as is contemplated by the statute. This is not a question for this court to pass upon. The credibility of the testimony is for the jury. Theirs is the responsibility to weigh and consider the testimony. The jury and not the court must say whether a witness is to be believed. If these corroborating witnesses are to be believed, then the testimony of McAvoy and Gilpin, who were accomplices, was corroborated in such material particulars as to make their entire testimony available to the state as a basis for a verdict of guilt. If upon consideration of the testimony of McAvoy and Gilpin, in conjunction with the corroborating testimony, the jury should believe beyond a reasonable doubt that such testimony is true, there could be no escape from a verdict of guilt.

We have no doubt but that the story of the crime as related by McAvoy and Gilpin had some weight with the jury and served to clear up many details during the preparation and consummation of the crime. But, the corpus delicti having been proven, the entire testimony of McAvoy and Gilpin might be eliminated and still leave sufficient evidence upon which to base a verdict of guilt. Appellant's counsel, however, insist that this testimony given by the witnesses Lance and Turner is not to be believed, and again we point out that that, too, is a question for the jury.

Appellant complains that the court gave two written charges and after giving them as written said: "I know, as you gentlemen know, that it is true that part of the evidence

in the case is circumstantial and it is also true that part of the testimony is direct testimony of eye witnesses in the case, and those two charges which have been given you relate to that portion of the evidence which is circumstantial evidence." It is insisted that this explanation passes upon the credibility of those witnesses who had testified to what they had seen. The explanation did not even tend to relate to that subject. The only effect was to call the jury's attention to the difference in the law as applied to circumstantial and direct testimony. The objection is hypercritical.

The witness Gilpin, when called, refused to testify, claiming his constitutional right not to be forced to give evidence which would tend to incriminate him. He thereby placed himself where he was not available to the state to be used as a witness. Thereupon, over the objection and exception of defendant, the state was allowed to make preliminary proof that this witness had been examined and cross-examined as a witness for the state on the former trial of this same case in the circuit court of Jefferson county, and over objection and exception of defendant the state was then allowed to read to the jury the testimony of the witness Gilpin given on such former trial. This is not now an open question in this state, and while there are some decisions to the contrary, this court and the Supreme Court have spoken on the question and we see no reason to reopen the subject. The witness Gilpin having testified on a former trial of this case, with full opportunity for cross-examination and when called to testify on this trial he rendered himself incompetent as a witness without fault on the part of the state, the trial court properly allowed his testimony on the former trial to be read in evidence. Woodward v. State, 21 Ala. App. 417, 109 So. 119; McCoy v. State, 221 Ala. 466, 129 So. 21.

Criticism is also made of manner of questioning pursued by the solicitor in the examination of the witness Gilpin, and it is insisted that "every one of them violated fundamental rules." What these rules are is not pointed out, and so far as we can see the questions asked were pertinent, calling for testimony both pertinent and material. We find no prejudicial error in any of these questions.

Insistence is made that the trial court erred in giving at the request of the state charges from 1 to 10, both inclusive. These charges assert correct propositions of law and of course were designed to meet the many written charges on the subject of a reasonable doubt requested by defendant and given by the court. The solicitor, representing the state in a criminal prosecution, has an equal right with defendant to request charges stating propositions of law, and when they do

state the law correctly, as applicable to the case on trial, it is not error to give them.

Exception was reserved to the remark of the solicitor in his argument to the jury: "This is the most important trial tried in Jefferson County since it was a county." This is not the statement of a fact bearing upon the question of guilt, but the expression of the opinion of an advocate seeking to impress a jury with the importance of the civic responsibility resting upon them as jurors. Such statements cannot be made the basis for reversible error.

Over the objection and exception of defendant, the state's counsel was permitted to ask defendant's witness Crockett, on cross-examination, if he knew Eldridge McCord and his sister Mrs. Harrison, and if they were friends. This examination was not followed up, and we fail to see how the facts called for were relevant, but neither do we see how this evidence could affect defendant's rights one way or another. The rulings on these questions do not constitute prejudicial error.

Insistence is made that there was error to a reversal in permitting the solicitor to introduce and read in evidence the official transcript of the testimony of Chief of Police McDuff, taken on the trial of the case of Cline v. State. This witness had been cross-examined as to his testimony in the Cline Case by counsel for defendant, and in that examination certain portions of the testimony in the Cline Case had been read into the evidence and confirmed by the witness. A part of this evidence having been admitted at the instance of defendant, the state was entitled to all of it.

There were given at the request of defendant some forty-odd written charges covering every phase of this case as contended for by the defendant. Besides these, there were some twenty-odd marked refused. These refused charges were either covered by the given charges or the oral charge of the court, except the following which were properly refused for the reasons indicated:

Charges 3, 4, 41, and 43 are argumentative.

Charge 44 is abstract. The evidence in the case is not wholly circumstantial.

Charge 45 is not a correct statement of the facts in the case.

Charge B invades the province of the jury.

The jury after deliberation returned its verdict into court finding the defendant guilty and fixing the punishment as required by law. This verdict was received by the court, and after its reception the trial judge administered a rebuke to the jury, in which he used some severe language in condemnation of the crime involved and the leniency extended by the jury in fixing the punishment. Appellant insists that this is ground for re-

versal because he claims it prevented him from making a motion for a new trial. This is a new and novel proposition, but there is nothing here for us to review. The rebuke was administered after verdict and sentence and no exception reserved. Moreover, it could not have affected the trial.

As we read this record the defendant has had a fair and an impartial trial free from prejudicial error on the part of the court. The judgment is affirmed.

Affirmed.