22 So.2d 532

**LOVEJOY v. STATE.**

6 Div. 164.

Court of Appeals of Alabama.

April 17, 1945.

Rehearing Denied May 8, 1945.

See also 244 Ala. 637, 15 So.2d 303.

111

Erle Pettus, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Originally this appellant (defendant) was indicted for the offense of murder in the first degree; and, upon trial was convicted of murder in the second degree, which verdict of the jury, and the judgment of conviction operated as the acquittal of the defendant of the offense of murder in the first degree.

The appeal from the judgment of conviction, above referred to, resulted in a reversal thereof, and a remandment of the cause to the court below by this court. Lovejoy v. State, 31 Ala.App. 244, 15 So.2d 300.

When the case was again called for trial in the lower court, the attention of the court was called to the fact that the defendant had been acquitted of the offense of murder in the first degree on former trial; and defendant asked the court to take judicial knowledge of this situation, and that he be placed on trial only for murder in the second degree, or offense below murder in the first degree. The court ruled that no judicial notice would be taken of the record of the court in the same case and in the same court, but that the defendant must file his plea and that the burden of proving that plea rested on him before the jury. To this action of the court defendant duly and legally reserved an exception.

While it was the province of the jury to pass upon the plea of former acquittal of murder in the first degree, the only fact necessary to be submitted to the jury on this question was that the allegation or averment of the plea to this effect was true, and as to this there was no dispute or conflict. This fact the trial court judicially knew and it was the duty of the court to affirmatively instruct the jury accordingly. The court, as stated, declined to do so, and erroneously required the defendant to introduce the minutes of the court which disclosed the conclusiveness of the plea but

112

also went further and informed this jury of the extent of the punishment imposed by the jury on the former trial and as to this it was no concern of the jury and was of necessity highly prejudicial to defendant.

■ It is axiomatic that courts judicially know their own records. 9 Alabama Digest, Evidence, ☞ 43(2).

■ We are not impressed with the insistence that no injury resulted from the ruling and action of the court under discussion. This jury as a result of the court's ruling were, as stated, informed of the fact that the jury who tried this same case before had fixed the punishment at imprisonment for twenty years. This jury did likewise and fixed the same penalty of twenty years. The significance is apparent.

There appears merit in the contention of appellant's earnest counsel wherein the following appears in brief:

"After the jury, under the plea of former jeopardy, had heard the record of conviction and the assessment of the penalty on the former trial, the defendant should have been entitled to strike from another jury and should not have been forced to go to trial before the same jury immediately after having been forced upon the trial of the plea of former jeopardy to offer the complete record. This was violative of the defendant's constitutional right to trial by an impartial jury. It is the purpose of these guarantees to preserve the substance of that right to defendant. 31 Amer. Jurisprudence, page 559, sec. 9."

The next point of decision to be considered is the exceptions reserved to the rulings of the court in not allowing, or permitting, defendant to introduce upon this trial the testimony of defendant's witness, Bennie Rutledge, who was absent from the State at the time this case was called for trial. A subpoena had been ordered for said witness, but had not been served and was returned "not found."

■ The record in the case shows that the testimony of said witness Bennie Rutledge, taken on a former trial, was most material. He had been sworn as a witness, examined and cross-examined and his testimony reduced to writing and the record of the same was in court admitted by the Solicitor to be correct and the court reporter who took the testimony was there ready to verify the same. This witness was admitted to be in the armed services of his country and this put him beyond the jurisdiction of the court. In time of

actual war he was not subject to the process of the court; and whether or not a subpoena could have been served upon him had he been in this country, there was no way for the court to enforce his attendance. However, the defendant was in possession of a V-mail letter written by this soldier to his sister, which letter was asking her to see about the care of his child. This letter was clearly admissible and the insignia, number and pass by censor on the same together with the fact that it was a V-mail showed conclusively that this soldier was overseas. There was evidence that he had disappeared from his home here and had not been seen and that he was in the army.

■ In this situation the testimony given by this witness under oath on a former trial where he had been examined and cross examined was clearly admissible and was most vital to the defendant's case. The court refused to admit the V-mail letter or to consider the same, to which exception was duly reserved, and sustained the objection to the admissibility of Bennie Rutledge's testimony. The court not only would not admit the testimony, but would not permit the defendant to show that it was impossible to have Bennie Rutledge served with subpoena; and refused to admit letter which would have been proof of his being overseas.

■ Former evidence of witness is admissible where apart from other requisites the party against whom the evidence is offered had an opportunity to examine the witness at a former proceeding. 23 C.J.S., Criminal Law, p. 128, § 996; Baldwin v. U. S., 6 Cir., 5 F.2d 133; Id., 269 U.S. 552, 46 S.Ct. 17, 70 L.Ed. 407; Wiggington v. State, 205 Ala. 147, 87 So. 700; Bridges v. State, 26 Ala.App. 1, 152 So. 51.

It was shown by the transcript, that after admissions in the evidence were tendered and not permitted the defendant's counsel stated: "Now we offer the testimony of the defendant's witness, Bennie Rutledge, taken in the former trial, examination by the defendant, cross-examination by the Solicitor on the theory that the said Bennie Rutledge is now in the army and beyond the jurisdiction of this court and not available to be brought here as a witness by any process of this court." The Solicitor stated: "We object to the introduction of the testimony on the ground it is not proven he is beyond the jurisdiction of the court, nor is it proven or offered to be proven that he attempted to take his deposition in this

case as permitted by law, and that it is not proven or offered to be proven that he is permanently beyond the jurisdiction of this court, and that it does not show he was served as a witness." The court sustained the objection, the defendant then and there duly excepted.

It will be noted that the grounds of the objection was that the deposition had not been taken. Here was testimony of the witness taken in open court on the former trial duly sworn, examined and cross examined and his evidence reduced to writing by a court reporter and admitted to be a correct transcript of his testimony.

■ As to whether the witness was beyond the jurisdiction of the court, he was certainly in the armed services; that was admitted and showed conclusively he was not available to the process of the court even if a subpoena could have been served upon him, and his attendance could not have been compelled. There was much evidence to show that he was beyond the jurisdiction of the court. The court should have taken judicial notice of the fact that the V-mail letter is used in the armed services only for overseas personnel. This V-mail letter was offered, coming back to the home of Bennie Rutledge to his sister to the place where he lived and asking about his child. There was other evidence corroborating this. As we see it, no better proof could have been offered showing that the witness was beyond the jurisdiction of the court.

The objection took the ground that it was not proved he was permanently beyond the jurisdiction of the court and that he had not been served as a witness. It appears he could not have been served under the circumstances, as he had disappeared and he could not be found in his former environs; he was admitted to be in the army, and he was shown to be overseas.

Evidence of a State's witness taken on a former trial can be offered in evidence by the State over defendant's objection. It has been held that where the witness who testified on a former trial, with full opportunity for cross-examination and when called upon to testify on later trial, rendered himself incompetent as a witness without fault on the part of the State by claiming his immunity under the incriminations law, the court properly allowed the testimony on the former trial to be read in evidence. Woodward v. State, 21 Ala. App. 417, 109 So. 119; McCoy v. State, 221 Ala. 466, 129 So. 21.

It has been held that in laying a predicate for testimony of witness in a former trial, or for the admission of such testimony, evidence to the effect that the witness had on a uniform of the army and that his foreman had read a letter written by the witness and mailed in France was sufficient predicate for introduction of the testimony of the witness given at a former trial. Hardaman v. State, 17 Ala.App. 49, 81 So. 449; Tyra v. State, 17 Ala.App. 92, 82 So. 631; Adkison v. City of Andalusia, 22 Ala.App. 131, 113 So. 469.

■ Also, if a witness had been examined in a former criminal case before a competent tribunal and subsequently dies, or if not dead, becomes insane; or if after diligent search he is not to be found within the jurisdiction of the court, or if that which is equivalent be shown, that he has left the state permanently or for such an indefinite time that his return is contingent and uncertain, it is admissible to prove the substance of the testimony he gave formerly. Mitchell v. State, 114 Ala. 1 and 2, 22 So. 71. Error prevailed in these rulings.

■ As stated hereinabove this case has been considered and determined heretofore by this court. Of this we take judicial notice. On this appeal appellant has assigned errors, 238 in number. We adhere to what has already been said by this court on former appeal and conclude that our opinion has considered and decided all salient points of decision raised in said assignment of errors, other than those which have been hereinabove discussed. Hence there is no necessity to prolong this opinion by further discussion.

For the errors indicated, the judgment of conviction from which this appeal is taken is reversed and the cause remanded.

Reversed and remanded.

### On Rehearing.

Upon this application for rehearing, by the State, the Attorney General reiterates the insistence, made upon original brief, to the effect:

"The defendant, not the State selected the evidence introduced to establish his plea of autrefois acquit. The appellant himself introduced evidence that at the former trial he had been sentenced to imprisonment for twenty years."

■ The record before us does not bear out or sustain this insistence. To the contrary, it affirmatively appears, from the

record, that defendant as a result of the trial court's adverse rulings, was forced to offer the full minutes of the court, as stated in our original opinion. As to this counsel for appellant pertinently and correctly insists in brief as follows:

"The court below erred in the manner in which he required defendant to establish by the record, or 'to reasonably satisfy the jury' that he had been acquitted of murder in the first degree. This acquittal had happened in the same court before the same judge with the same solicitor prosecuting. It was a matter of absolute record in the court where the defendant was in this instance tried.

"The judicial notice or knowledge of the court of its own records was invoked; and defendant insisted that the only thing that should have possibly required any evidence whatsoever before the jury was as to the identity of the defendant. That testimony was offered without dispute. Then the defendant's counsel invoked the Court's instruction for a directed verdict, which was refused.

"Defendant's offer of such evidence was under his most violent objection and protest on the part of the defendant, asserting as strongly as possible his rights in the matter and insisting that the Court take judicial notice of its own records and charge the jury to the effect that this defendant at the time could be put to trial only upon the indictment charging murder in the second degree before and after defendant's identity was established without dispute.

"On this proposition the Court ruled when judicial knowledge of its own records was invoked in behalf of the defendant as follows as to whether the Court would take such judicial knowledge:

" 'No, sir, I don't think so. The jury has to pass on them, not me. I think it was up to the defendant to prove it to the reasonable satisfaction of the jury.' Defendant excepted.

"As to the situation and the compulsion of the Court to require the defendant to offer the record and the minutes of the Court, we think the following excerpt from the attorney general's brief does not correctly reflect the picture.

"After the identity of the defendant was proven beyond peradventure, the court sustained the State's repeated objections to any evidence except the record palpable purpose being to get before the jury the fact of the defendant's former conviction

and of the sentence imposed on the former trial.

"The Court ruled as follows:

" 'I am basing my ruling on the proposition that is not the best evidence. The record of the court would be the best evidence.' Exception was duly reserved. (The Court had theretofore ruled that the jury was to decide the effect of such record.)

"Thereupon after the testimony and proceedings as shown on pages 64, 65 and 66 of the record, after the identity of the defendant was proved without dispute and beyond peradventure, the ruling of the court was again invoked as follows by defendant's counsel:

" 'Now, if the Court please, in order to get the matter before the Court I want, at this time, to move this court for an instructed verdict based on the theory that this court take judicial knowledge of its own record.' The Court overruled the motion and defendant then and there duly excepted. Thereupon the Court ruled:

" 'I think the minutes of the Court would be the best evidence.'

"After the Court had thus required the defendant, in order to establish a plea of formal acquittal of murder in the first degree by offering the minutes of the court to the jury; and in also requiring defendant to show to the jury that the case had been reversed; while waiting for the official minutes to be procured, the opinion of this court showing the reversal was read to the jury.

"The court had already ruled and under compulsion required the defendant to offer to the jury the minutes on the former trial in order to establish his plea, and the minutes set out the verdict of the jury and sentence on the former trial.

"These minutes were offered as shown on pages 72, 73 and 74 of Record. It was not sufficient to show the trial and acquittal but the minutes under the ruling of the court had to be offered to the jury reciting that the said defendant was guilty of murder in the second degree as charged in said indictment; also in accordance with the verdict of the jury that the said Ezekiel Lovejoy be sentenced to the penitentiary for the term of twenty years.

"The court minutes set out the verdict of the former jury giving the name of J. S. Dykes as foreman and same was set out as follows in the middle of said court minutes:

" 'We the jury find the defendant guilty of murder in the second degree as charged

in the indictment and fix his punishment at twenty years imprisonment in the penitentiary. J. S. Dykes, foreman.'

"It is most notable that in the instant case this jury brought in the same verdict and fixed the same penalty.

"To say that the defendant's rights have not been sacrificed thereby; that the defendant was not prejudiced by this compulsion of the court below forcing the defendant to offer evidence of his former conviction of murder in the second degree and the penalty of twenty years been fixed by the jury, by offering the minutes of the court on his plea of former acquittal, when this was a matter of record in the same court and before the same jury; to say this was not error and not injury to the defendant because his counsel under such compulsion of the court had been forced to offer the court records himself, is to overlook the compulsion and the duress under which defendant was forced to act at the time.

"A reading of the transcript of the testimony as set out in the record of this case could hardly justify the attorney general in his contention that the defendant waived any of his rights in that connection; the attorney general says a mere certificate of reversal would have been sufficient. But the Court below held that the only way to prove that was by offering the minutes of the court which had to be read to the jury; and not construed and passed upon by the court itself and that such court minutes showed the verdict of the jury, the degree of the guilt found by the jury, and the sentence inflicted."

Application for rehearing overruled.