148 So.2d 206

Caliph WASHINGTON

v.

STATE of Alabama.

6 Div. 524.

Supreme Court of Alabama.

Oct. 4, 1962.

Rehearing Denied Jan. 17, 1963.

MacDonald Gallion, Atty. Gen., and Robt. M. Hill, Jr., Asst. Atty. Gen., for the State.

K. C. Edwards, Birmingham, for appellant.

**388**

LIVINGSTON, Chief Justice.

This is the second appeal of Caliph Washington from a conviction for first degree murder in the Circuit Court of Jefferson County, Alabama, Bessemer Division. He was convicted and sentenced to death. The case comes here under the automatic appeal statute, Act No. 249, Acts of Alabama 1943, p. 217, approved June 24, 1943, Title 15, Sec. 382(1) et seq. Code of Alabama 1940.

On the former appeal, the essential facts and the evidence are set out in the opinion of the court. They are substantially the same as the record now before us, and it would serve no good purpose to repeat them here. We reversed and remanded the case to the circuit court for errors therein pointed out. 269 Ala. 146, 112 So.2d 179.

During the first trial, a Negro soldier was called to the stand and stated that his name was Furman Jones and that he was presently in the Army but that *his home was in South Carolina.* Jones further testified that the appellant, Washington, boarded a bus in Mississippi on which he was riding, and in the course of conversation informed him that he, the appellant, had killed a police officer. Jones appeared in the first trial through the cooperation of the United States Army even though he was then stationed in Texas.

As noted above, the judgment of conviction on the first trial was reversed. During the course of the second trial, the state offered in evidence the testimony of Furman Jones, given in the previous prosecution, Jones not being present in court. His testimony was admitted over the objection of appellant's counsel, and this appeal is based primarily on an assignment of error concerning the admissibility of Jones' testimony given on the previous trial.

It is the well-settled rule in Alabama that when a witness is a nonresident, or has removed from the state permanently or for an indefinite time, his sworn testimony taken on any previous trial for the same offense may be offered in a subsequent trial if a proper predicate is laid.

In this state, upon the proper proof of the absence from the jurisdiction of a witness who has previously given sworn testimony before a tribunal of competent jurisdiction, the earlier testimony may be introduced. Reeves v. State, 264 Ala. 476, 88 So.2d 561; Lovejoy v. State, 32 Ala.App. 110, 22 So.2d 532, cert. den. 247 Ala. 48, 22 So.2d 537; Pruitt v. State, 92 Ala. 41, 9 So. 406; Burton v. State, 107 Ala. 68, 18 So. 240; Lett v. State, 124 Ala. 64, 27 So. 256; Percy v. State, 125 Ala. 52, 27 So. 844; Jacobi v. State, 133 Ala. 1, 32 So. 158, appeal dismissed 187 U.S. 133, 23 S.Ct. 48, 47 L.Ed. 106; Wilson v. State, 140 Ala. 43, 37 So. 93.

However, it is equally clear that in the absence of the proper predicate, prior testimony of the witness is inadmissible. Wigginton v. State, 205 Ala. 147, 87 So. 700; Wilson v. State, 140 Ala. 43, 37 So. 93; Sims v. State, 139 Ala. 74, 36 So. 138.

The state laid its predicate in the instant case in the following manner: The state offered in evidence a letter from the Chief of Police in Jonesville, South Carolina, to the effect that Furman Jones had been released from the Army and that his mailing address was Box 465, Jonesville,

South Carolina. The trial court properly sustained objection to this letter on the ground that it was hearsay. Thereafter, Mr. McAdory, Clerk of the Bessemer Division of the Circuit Court of Jefferson County, took the witness stand and identified the subpoena docket in the case then on trial and verified that Furman Jones' address was listed as Box 465, Jonesville, South Carolina. McAdory further identified an official sheriff return which indicated that a subpoena was sent to Furman Jones at the above address on November 20, 1959. The subpoena docket and sheriff's return were introduced as state exhibits. Thereafter, Mr. Brown, a deputy sheriff of the county, testified that he himself had put the subpoena in an envelope addressed to Jones at the above-stated address.

There was no evidence that Jones was ever a resident of the State of Alabama or ever intended to take up residence here.

■ We are not to be understood as holding that the subpoena for Jones' appearance at the trial was effective. Nevertheless, it was some evidence as to his residence. Hardaman v. State, 17 Ala.App. 49, 81 So. 449.

■ We need no citation of authority to support the principle that a court can take judicial knowledge of its own records, and that the trial court in this instance could take judicial notice of the former trial of the appellant.

Proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within logical limits, that it exists at a subsequent time. 31 C.J.S. Evidence § 124, p. 736. Therefore, the trial court could take judicial knowledge of the fact that at the time Furman Jones testified in the previous trial he was a resident of South Carolina.

It was held in South Highlands Infirmary v. Imperial Laundry Co., 25 Ala.App. 461, 149 So. 106, that residence in the state at a particular time, for aught appearing, presumably continued ever since.

■ The sufficiency of a predicate for the introduction of testimony given by a witness on a former trial is addressed to the trial court's sound discretion. Woodward v. State, 253 Ala. 259, 44 So.2d 241; Liverpool & London & Globe Ins. Co. v. Dickinson, 244 Ala. 381, 13 So.2d 570; Patterson v. State, 234 Ala. 342, 175 So. 371.

■ We hold that a proper predicate was established for the admission of the testimony of Furman Jones, given on the previous trial of the appellant.

■ Assignments of error 2 through 8 are based on the lower court's refusal to give requested charges 6, 5, 17, 13, 14, 10 and 9. Although these assignments of error are not argued in brief, we have carefully considered them and are clear to the conclusion that each of the charges was clearly and adequately covered in the oral charge of the court and other given charges requested by the appellant. Chambers v. State, 264 Ala. 8, 84 So.2d 342; Nelson v. State, 35 Ala.App. 1, 46 So.2d 231.

■ Appellant's 9th assignment of error was predicated on the refusal by the trial court to grant a new trial to the appellant on the ground that the verdict was contrary to the great weight of the evidence.

The trial judge is much closer to the facts than this Court, having the advantage of being present at the trial and observing the demeanor of the witnesses who testified, which must be given due consideration. For this reason, this Court would not overturn the lower court's refusal to grant a new trial unless the evidence plainly and clearly shows that the verdict of the jury is wrong and unjust. Caldwell v. State, 203 Ala. 412, 84 So. 272.

We are clear to the conclusion that the evidence in the instant case is sufficient to justify the verdict reached by the jury.

**390**

In fact, this is the second jury which has reached the same verdict. . .

The Court has carefully examined the record, as is our duty under the automatic appeal statute, supra, and find no error to reverse.

Affirmed.

SIMPSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.

COLEMAN, Justice (dissenting).

I do not think that a proper predicate was laid for the admission, on the second trial, of the testimony given by Furman Jones on the former trial, and, therefore, am of opinion that the court erred in allowing his testimony to be admitted on the instant trial. As I understand the opinion of the majority, they hold that Jones' former testimony laid its own proper predicate. I, therefore, respectfully dissent.