## DOLAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 16, 1925.)

No. 4257.

1. Indictment and information ⊂⇒166—Under indictment for second offense, prior conviction must be shown before commission of later offense.

An allegation in an indictment that the offense is a second one is a conclusion, and it must be shown that the later offense was committed after conviction for the earlier one.

2. Indictment and information ⊂⇒196(5)—Indictment for third offense held sufficient.

In an indictment for a third offense, any lack of particularity in stating the date of first conviction and second offense is cured by showing a conviction "for a second offense," and by the presumption that such conviction was rightful.

In Error to the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

Criminal prosecution by the United States against Charles T. Dolan. Judgment of conviction, and defendant brings error. Affirmed.

Walter P. Lincoln, of Louisville, Ky. (Edwards, Ogden & Peak, of Louisville, Ky., on the brief), for plaintiff in error.

Lilburn Phelps, Asst. U. S. Atty., of Louisville, Ky. (W. S. Ball, U. S. Atty., and Claude Hudgins, Asst. U. S. Atty., both of Louisville, Ky., on the brief), for the United States.

Before DENISON and DONAHUE, Circuit Judges, and WESTENHAVER, District Judge.

PER CURIAM. [1, 2] We have here conviction and punishment as for a third offense. An allegation in an indictment that an offense is a second one is a conclusion, and it should be sufficiently shown that the later offense occurred after the conviction for the earlier one. Even so, this indictment alleges and the proof shows a sufficiently early conviction as and for a second offense; it must be presumed that such conviction was rightful, and this presumption sufficiently cures any possible lack of particularity by not stating the date of the offense which was the basis of that conviction.

The judgment is affirmed, and the mandate will issue forthwith.