**GATTERDAM et al. v. UNITED STATES.**

**GATTERDAM v. SAME.**

(Circuit Court of Appeals, Sixth Circuit.
April 6, 1925.)

Nos. 4247–4249.

**1. Intoxicating liquors ⬤�451⟳13 — Provision of Prohibition Act making possession offense held not unconstitutional.**

The provision of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) making possession of liquor an offense is not unconstitutional, as going beyond the scope of the Eighteenth Amendment.

**2. Indictment and information ⬤⟳196(5)—Allegation of third offense held sufficient.**

Any lack of particularity in allegations of a third offense is cured by proof of a conviction of a "second offense," and by the presumption that such conviction was rightful.

**3. Searches and seizures ⬤⟳7—Search by police not made under federal authority because of presence of prohibition agent.**

The mere presence of a prohibition agent at a search made by the police under a search warrant procured by them did not make the search one under federal authority, to which the Fourth Amendment applies.

**4. Searches and seizures ⬤⟳3 — Search with consent of defendant not illegal.**

A defendant cannot assert the illegality of a search made with his consent, though given in response to threat to procure search warrant.

In Error to the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

Criminal prosecutions by the United States against Clayton Gatterdam and John Dixon and against Clayton Gatterdam. Judgment of conviction on each indictment, and defendants bring error. Affirmed.

Rowan Hardin, of Louisville, Ky., for plaintiffs in error.

W. S. Ball, U. S. Atty., of Louisville, Ky. (Claude Hudgins and Lilburn Phelps, Asst. U. S. Attys., both of Louisville, Ky., on the brief), for the United States.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. In 4248, the writ of error covered convictions upon two indictments. At the last session we sustained the conviction upon indictment No. 1138, retaining for further consideration the conviction under indictment No. 1137. This conviction and Nos. 4247 and 4249 can now be disposed of together.

5 F.(2d)—43

While the sentences of imprisonment on the four convictions were concurrent, and while the fine imposed in each of the four cases was the same in amount, we interpret the records as meaning that the fines were intended to be separate and distinct, and to require payment of the total sum. The three remaining convictions, therefore, cannot be treated as involving no results not disposed of by the former affirmance.

[1, 2] In all three cases it is urged that, in so far as the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), prohibits possession, it goes beyond the Eighteenth Amendment and is unconstitutional. This contention is overruled on authority of Everard v. Day, 265 U. S. 545, 44 S. Ct. 628, 68 L. Ed. 1174. In all three cases it is also urged that the indictment was not sufficient to support a conviction for a third offense. This contention is overruled, upon authority of our opinion in Dolan v. U. S., 4 F.(2d) 251, filed March 2, 16, 1925.

In 4247 and 4248, it is claimed that the existing general arrangement in Louisville between prohibition agents and the police made the latter the agents of the former, and so far charged the federal government with the responsibility for the acts of the police that a search and seizure by the latter would be considered in a federal court as if made by the former. The proofs do not show any general arrangement between federal and city officers sufficient to support the argument. They show only that the instructions and practice of the police officers were that, when by their raids and searches they found what they considered rather serious infractions of the federal law, they should take those cases to the federal courts for prosecution, and that accordingly they took up each such case by consultation with the district attorney, and a federal warrant was issued or not as the district attorney advised. The record fails to show any responsibility on the part of the federal authorities for what the police officers may have done in their preliminary activities.

[3] In 4248 (indictment 11377), no prohibition agent participated in any way in the raid. In 4247 Prohibition Agent Morley was present. The police had procured their search warrants and then asked him to go along. It does not appear that Morley assumed any authority or took any part, more than would have been taken by a citizen assisting the police, or that Gatterdam knew or supposed that the search had any federal character. This fell short of the minimum of participation by the federal officer which

could justify invoking the Fourth Amendment. Crawford v. United States, 5 F.(2d) 672, opinion filed to-day.

[4] In 4249, the search and seizure were by Prohibition Agent Roberts. He first examined a truck standing in the yard and found three stills. It does not seem to have been an unreasonable search, and, if it was, that would not be important. He then searched the house, and found 40 gallons of whisky. This search was with Gatterdam's consent, pursuant to Roberts' request. The only dispute is as to whether, when the request was made, Gatterdam said: "All right. If I do not consent, you will go and get a search warrant, and you might as well search now"—or whether he consented after one of the prohibition officers had said: "You might as well consent, because, if you do not, we will go and get a search warrant." In either case there was such consent that Gatterdam cannot complain.

In 4247, the proof against Dixon, while circumstantial, was not insufficient in law to justify the jury in inferring his substantial participation.

In 4249 objection is made that a witness for defendant was not required to answer, in spite of his statement that an answer would incriminate him, and section 30 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½q) is invoked. The record does not show that the witness was attending "in obedience to a subpœna."

The three judgments are affirmed.