## CITY OF DETROIT v. JULIEN.

Circuit Court of Appeals, Sixth Circuit.
October 15, 1927.

No. 4964.

Trial ⟨⟸⟩420—Motion for directed verdict at close of plaintiff's evidence is waived by introducing evidence if not renewed.

Motion for directed verdict at close of plaintiff's evidence is waived by introduction of evidence if not renewed.

In Error to the District Court of the United States for the Eastern District of Michigan; D. C. Westenhaver, Judge.

Action at law by Theophile Julien against the City of Detroit. Judgment for plaintiff, and defendant brings error. Affirmed.

Hazen J. Payette, of Detroit, Mich. (Chas. P. O'Neil, James S. Shields, and Peter J. Drexelius, all of Detroit, Mich., on the brief), for plaintiff in error.

Bresnahan & Groefsema, of Detroit, Mich., for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and RAYMOND, District Judge.

PER CURIAM. Affirmed. Defendant's motion to direct, made at the close of plaintiff's evidence, was waived by putting in proof without renewal of the motion; and, in any event, there was substantial evidence to support the verdict. The doctors' evidence was, in substance, an expression of expert opinion as to the probability of permanence in the injury. A deduction of an unknown amount on account of pain and suffering must be made from the verdict; and hence no one can say that so much as was compensation for lack of earning power was excessive.

Let the mandate issue forthwith.

---

## SCHUTTE v. UNITED STATES.

Circuit Court of Appeals. Sixth Circuit.
October 15, 1927.

No. 4916.

1. Searches and seizures ⟨⟸⟩7(27)—Search by consent requires no warrant.

In search of a dwelling made by consent, no search warrant is necessary.

2. Criminal law ⟨⟸⟩394—Evidence found in search of private dwelling with consent of owner held admissible (18 USCA § 53).

U. S. Code, tit. 18, § 53 (18 USCA § 53), does not make inadmissible evidence found in search of a private dwelling with consent of the owner, though without a warrant.

3. Intoxicating liquors ⟨⟸⟩275—Possession of liquor is prima facie evidence of nuisance.

Possession of liquor on premises may be prima facie evidence of maintenance of a nuisance.

In Error to the District Court of the United States for the Western District of Michigan; Fred M. Raymond, Judge.

Criminal prosecution by the United States against Bernardus Schutte. Judgment of conviction, and defendant brings error. Affirmed.

F. Roland Allaben, of Grand Rapids, Mich. (Dunham & Cholette, of Grand Rapids, Mich., on the brief), for plaintiff in error.

Edward J. Bowman, U. S. Atty., of Grand Rapids, Mich. (Louis H. Grettenberger, Asst. U. S. Atty., of Grand Rapids, Mich., on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. [1] Affirmed. In the search of a dwelling made by consent, no search warrant is necessary. Gatterdam v. U. S., C. C. A. 6, 5 F.(2d) 673, 674. As to whether such consent was freely given, there was a question of fact. The court found as a fact that consent was given and without any duress; this conclusion was amply supported by the evidence; no question of law thereon remains for review.

[2] We cannot think that the statute of 1921 (U. S. Code, tit. 18, § 53 [18 USCA § 53]) intended to penalize a search to which the householder voluntarily agreed, much less, to make inadmissible evidence thus found. See U. S. v. Lindsly (D. C.) 7 F.(2d) 247.

[3] Such possession as was here shown may constitute an offense separate from manufacture or sale (Albrecht v. U. S., 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505); and by the terms of the act (section 33, National Prohibition Act [27 USCA § 50; Comp. St. § 10138½t]), possession of liquor is prima facie evidence that it was kept for the purposes of sale, and hence that a nuisance was being maintained.

Regardless of the confession to which objection was made, the evidence made guilt practically indisputable.