## POETTER v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
March 18, 1929.

Rehearing Denied April 22, 1929.

No. 5588.

Lester H. Loble and Hugh R. Adair, both of Helena, Mont., for appellant.

Wellington D. Rankin, U. S. Atty., of Helena, Mont., and Howard A. Johnson, Asst. U. S. Atty., of Butte, Mont.

Before RUDKIN and DEITRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This is an appeal from judgment of conviction and sentence of the appellant for manufacture and possession of intoxicating liquor. It belongs to that class of cases which of recent years has incumbered the dockets of trial and appellate courts in which parties clearly guilty of violation of the Prohibition Law (27 USCA) endeavor to escape punishment because of an unlawful search and seizure by some government official. That defense was not successful in the instant case, and hence this appeal.

On January 31, 1928, prohibition agents, being advised of reports and rumors concerning the operation of a still at appellant's place, went to his residence and inquired of him if he had a still. According to the government's testimony, he replied no, but said that he had two barrels of wine which had been left over after a previous search. The agents asked if they could see the wine, and the appellant said yes, and offered to show it to them. That they went down in the basement and the agents took a sample and sealed the barrels. A later analysis showing that the wine contained more than the permitted amount of alcohol, the agents returned and destroyed the wine. They had no search warrant or warrant of arrest. The defendant, while on the witness stand, admitted that he told the agents that he had wine which the court had ordered returned to him on a previous occasion, and to which he thought he was entitled; but he denied that he gave the agent permission to search his premises, but on the contrary protested and objected thereto—a statement

which may well be distrusted, since he no doubt thought it had been adjudged in the former hearing that his possession was lawful. But however that may be, the question was presented to the trial court on a motion to suppress, and that court, after hearing the testimony of the witnesses and observing their demeanor on the witness stand, found as a fact that the entry was by permission and consent of the appellant. This finding finds ample support in the evidence and should not be disturbed on appeal. Baldwin v. U. S. (C. C. A.) 5 F.(2d) 133; Marsh v. U. S. (C. C. A.) 29 F.(2d) 172; U. S v. Jankowski (C. C. A.) 28 F.(2d) 800. In the search of a dwelling house by consent no search warrant is necessary. Waxman v. U. S. (C. C. A.) 12 F.(2d) 775; Giacolone v. U. S. (C. C. A.) 13 F.(2d) 110; Schutte v. U. S. (C. C. A.) 21 F.(2d) 830. The court, as it had a right to do, reserved its ruling on the motion to suppress until the hearing of the evidence on the trial. The appellant as a witness on his own behalf testified that he manufactured the wine in question, and it is therefore doubtful whether, if there was an error in ruling on the motion to suppress, it was prejudicial.

Judgment affirmed.