## DE LAPP et ux. v. UNITED STATES.
### No. 9189.

Circuit Court of Appeals, Eighth Circuit.

Oct. 27, 1931.

Mark J. McCabe, of Minneapolis, Minn. (A. M. Cary, of Minneapolis, Minn., on the brief), for appellants.

George A. Heisey, Asst. U. S. Atty., of St. Paul, Minn. (Lewis L. Drill, U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before KENYON and GARDNER, Circuit Judges, and REEVES, District Judge.

KENYON, Circuit Judge.

Appellants were indicted and convicted on each of five counts charging them with unlawfully and feloniously having in their possession certain articles, consisting of clothing, shoes, hats, and other property, knowing them to have been stolen from the United States mails. Appellant De Lapp was a baggageman on the Northwestern line between Elroy and Minneapolis. The only question presented on this appeal is whether certain property used as evidence was secured in violation of the Fourth Amendment to the Constitution of the United States securing the people against unreasonable searches and seizures. If so, its introduction violated the Fifth Amendment to the Constitution.

No search warrant was issued in this case. Motion was duly made to suppress the evidence claimed to have been secured by an illegal search and seizure, upon which the trial court had a hearing and denied the motion. It is well established that consent of the accused to a search of his premises operates as a waiver of the right to assert that the same was unreasonable, and under such circumstances there is no need of a search warrant. McClintic v. United States (C. C. A.) 283 F. 781; Windsor v. United States (C. C. A.) 286 F. 51; Waxman v. United States (C. C. A.) 12 F.(2d) 775; Schutte v. United States (C. C. A.) 21 F.(2d) 830; Poetter v. United States (C. C. A.) 31 F.(2d) 438.

The witnesses on the motion to suppress and in the trial of the case were: One Wicht, a United States post office inspector; Hansen, a chief special agent of the Railway Express Agency and a deputy sheriff; Witte, a special agent of the Railway Express Agency and a deputy sheriff; Cook, a special agent for the Northwestern Railway Company; and Noonan, a police officer of the city of Minneapolis. Wicht had been engaged for some time in trying to trace down stealings from the United States mails. Information had come to him arousing his suspicions as to appellant De Lapp, and on March 12, 1930, accompanied by Noonan, he met De Lapp at the end of his run at Minneapolis. He asked him to come with him to the Post Office Building, which De Lapp did, and there told him that he was under suspicion in connection with these losses in the mails. Appellant voluntarily opened his grip and permitted Wicht to examine its contents and to question him with regard to where he had secured several articles. Mrs. De Lapp had

accompanied the party from the depot to the Post Office Building, but did not go to the office of the inspector. De Lapp was turned over to Hansen, Cook, and Noonan, and these men questioned him. Hansen took him into another room and had a confidential talk with him, begging him to tell the truth, and assured him, "if he would do so that they would do all they could to make it easy for him." De Lapp refused to make any statement, and there was no confession made by him. Hansen asked him what he would say if they found his home full of goods. De Lapp said they would not find anything. Hansen said, "Supposing we do; supposing that we do go out?" De Lapp said: "Go ahead." "You won't find a ——— thing." Hansen told him they intended to do this. In the presence of Witte and in the presence of De Lapp, Hansen stated that De Lapp had given them permission to search his home. De Lapp did not deny this. Noonan, Cook, and Witte went downstairs to the automobile in which Mrs. De Lapp was waiting. Introductions were made and she was told that Mr. De Lapp was being questioned upstairs in the inspector's office, and she was asked if it would be all right to go out and search the home, and if she would turn over the things that De Lapp had brought home. She agreed to turn over those things he had brought home of which she had knowledge. Noonan told her that her husband had agreed to let them search the home. Noonan testified that he asked Mrs. De Lapp if these men (Cook and Witte) could search her home, and she said they could. They asked her if she would pick out a few articles her husband had brought home, and she said she would. Noonan told these men not to help Mrs. De Lapp search but to take whatever articles she gave them. Witte, Noonan, and Cook went with Mrs. De Lapp to her home. She opened the rear door and invited them in. They sat down in the dining room facing a bedroom. She brought out various articles which she delivered to them. They loaded them into an automobile and took them to the post office inspector's room. These are the articles in question which it is claimed were secured by an unlawful search and seizure. We doubt if there was any such proceeding as would amount to a search, but certainly under the circumstances disclosed here if it was a search it was made with the consent of both appellants and was not an unlawful search and seizure. It would be carrying the doctrine far to say that, if parties accused of knowingly having property stolen from the United States mails, at the suggestions of the officers went to their homes, secured the stolen property, and delivered it to the officers, there was any element existing of an unlawful search and seizure. The only difference between that situation and this is that the officers went to the house and sat in the dining room while Mrs. De Lapp, one of the accused parties, found the property and handed it over to them. We see no basis whatever for the claim that certain of the property used against appellants as evidence was secured in an unlawful search and seizure. The trial court was entirely justified in finding that both appellants consented to a search of their home, and hence they were not in position to claim that their constitutional rights were invaded.

The judgment as to both appellants is affirmed.