## UNITED STATES v. BIANCO.
### No. 241.

Circuit Court of Appeals, Second Circuit.
April 4, 1938.

Hyman Margolies, of Brooklyn, N. Y., for appellant.

Harold St. L. O'Dougherty, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellant was convicted on the first and second counts of an indictment wherein he was charged with having in his possession, and under his control, a still not registered as required, U.S.Code, title 26, §§ 1162, 1182, 1184, 1185, 26 U.S.C.A. §§ 1162, 1182, 1184, 1185, and carrying on the business of a distiller without having filed a notice of intention to do so and executing a bond therefor as required. U.S.Code, title 26, § 1185, 26 U.S.C.A. § 1185.

A search of appellant's residence was made and a still in operation was found therein. The principal question involved here is whether the search of the appellant's residence, where the evidence of these violations was found, was unlawful. The appellee contends that it had the consent of the appellant to this search. Two internal revenue investigators testified (one of whom said he was acquainted with the appellant and his wife) that they went to his residence October 27, 1937, in the afternoon, knocked at the door, and were invited in by the appellant's wife, who called the appellant and the latter made his appearance. After some preliminary conversation, one of the officers said he had a complaint that the appellant was operating a still and making liquor, to which appellant's wife answered, "Who runs the still, not me." The investigator asked if he would be permitted to search the premises, and the wife said, "Sure, go ahead, Mr. Doyle," and the appellant said, "Sure, follow me." Accompanied by the appellant, they went upstairs, looked through the rooms, came down, and then, still accompanied by the appellant, went into a garage where they observed an automobile and some glass jugs. The investigators and the appellant went to the basement, where they

found a bin that was padlocked. On request, the appellant promised to open the bin, called to his wife, and asked her for the key. She replied: "No, you lost the key two-weeks ago. We have no key for the bin." She then said to the appellant: "Why don't you have a key made so Mr. Doyle can come back and see what is in that bin?" Doyle then asked the appellant for a screw driver for the purpose of withdrawing the screws from the hasp so as to examine the inside of the bin. Appellant said he had no screw driver and Doyle procured one from his automobile. Thereupon the appellant told him he had cans in the bin and appellant unscrewed the screws from the hasp. Inside the bin they found six 5-gallon cans of alcohol without tax stamps. They also found a still which was wrapped in brown paper, but that was not the still referred to in the indictment. The investigators continued their search, and in the rear basement, in another bin, they found a 25-gallon still in actual operation. This was a still used for redistilling or cleaning special denatured alcohol.

Appellant's wife denied that either she or her husband consented to the search and declared that appellant refused a search without a search warrant.

█ The trial judge allowed this evidence to go to the jury and permitted the jury to find whether or not a consent had been given to the investigators to make the search. The jury found that consent was so given for they convicted appellant. The trial court should have passed upon this question of consent rather than leave it to the jury for determination. The question as to the lawfulness of the consent to a search relates to admissibility of evidence and was for the court and not the jury. United States v. Jankowski, 2 Cir., 28 F.2d 800; Gila Valley, G. & N. R. Co. v. Hall, 232 U.S. 94, 34 S.Ct. 229, 58 L.Ed. 521. His findings, if it had support in the evidence, would not be disturbed on appeal. Poetter v. U. S., 9 Cir., 31 F.2d 438; Marsh v. U. S., 2 Cir., 29 F.2d 172; United States v. Jankowski, supra; Baldwin v. U. S., 6 Cir., 5 F.2d 133. However, the appellant had the unusual advantage of having the question of consent passed upon by the jury and cannot complain. Since consent to search appellant's residence was given, no search warrant to do so was necessary. Schutte v. United States, 6 Cir., 21 F.2d 830; Giacolone v. United States, 9 Cir.; 13 F.2d 110; Waxman v. United States, 9 Cir., 12 F.2d 775.

█ Appellant argues that there was inconsistency between the acquittal on the third count and the conviction on the first two counts. The distinction made by the jury might import that there was no doubt as to the truthfulness of the claim of the appellant's consent to the search of the premises, but they may have had doubt as regards the search of the bin which had to be opened with a screw driver.

Judgment affirmed.