GRICE v. UNITED STATES (two cases).

Nos. 5320, 5323.

Circuit Court of Appeals, Fourth Circuit.

Jan. 15, 1945.

Robert H. Dye and R. Glenn Cobb, both of Fayetteville, N. C. (Martin B. Simpson, of Elizabeth City, N. C., on the brief), for appellant.

Charles F. Rouse, Asst. U. S. Atty., of Kingston, N. C. (J. O. Carr, U. S. Atty., of Wilmington, N. C., and Norman C. Shepard, District Enforcement Atty., Office of Price Administration, of Smithfield, N. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

These are appeals by one Roscoe Grice, convicted in two separate cases in the United States District Court for the Eastern District of North Carolina of possession of counterfeit ration coupons. The point presented by the appeal in each case is whether coupons found in his possession were properly admitted in evidence against him over his objection that they were obtained as the result of an unlawful search.

One case arose out of a seizure of coupons made at or near Fayetteville, N. C., when the car in which defendant was riding was stopped by state officers, who were engaged in checking automobiles for motor vehicle violations. In the course of a search conducted by the state officers the counterfeit coupons were discovered in defendant's pocket book. There is nothing in the record to indicate that the state officers were acting in cooperation with the federal authorities or that the latter had anything whatever to do with the stopping of defendant's car or the search of his pocket book. This being true, there was no error in admitting the coupons in evidence in a federal prosecution. Feldman v. United States, 322 U.S. 487, 492, 64 S.Ct. 1082; Gambino v. United States, 275 U.S. 310, 317, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Byars v. United States, 273 U.S. 28, 33, 47 S.Ct. 248, 71 L.Ed. 520; Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Silverthorne Lumber Co. v. United States, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319, 24 A.L.R. 1426.

The other case arose out of a seizure of coupons made at or near Wilson N. C., six months later, when the automobile driven by defendant was stopped and searched by state officers and counterfeit coupons were found concealed behind the upholstery of one of the doors. There is evidence from which it might be inferred that the search of the car was instigated by federal officers; but defendant is not in position to complain of the admission of the coupons in evidence against him for the reason that he consented to the search and voluntarily gave the keys of the car trunk and of his suit case to the officers, in order that a thorough search might be made. He probably did not anticipate that the officers would examine behind the upholstery of the doors; but, having given his consent to the search, he cannot complain of it. Gatterdam v. United States, 6 Cir., 5 F.2d 673, 674; Giacolone v. United States, 9 Cir., 13 F.2d 110; Cantrell v. United States, 5 Cir., 15 F.2d 953, 954; Schutte v. United States, 6 Cir., 21 F.2d 830; United States v. Bianco, 2 Cir., 96 F. 2d 97; 47 Am.Jur. 547; De Pater v. United States, 4 Cir., 34 F.2d 275, 74 A.L. R. 1418, 1437.

The two cases above described were separately tried, case No. 5323 at the term of court held in September, 1944 at Fayetteville, and case No. 5320 at the term of court held in October, 1944 at Wilson,

North Carolina. The sentences in both cases were imposed on the same day, and the sentence of imprisonment of three years in case No. 5323 was made to run concurrently with the sentence of three years' imprisonment in case No. 5320. We think there was no error in either case, and that the judgment in both cases should be affirmed.

Affirmed.