**Charlie HALL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Charlie Junior HALL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Nos. 6915, 6916.**

United States Court of Appeals
Fourth Circuit.

Argued March 8, 1955.

Decided April 14, 1955.

R. Roy Rush, Roanoke, Va., for appellants.

Benjamin F. Sutherland, Asst. U. S. Atty., Clintwood, Va. (John Strickler, U. S. Atty., Roanoke, Va., and Beverly A. Davis, III, Asst. U. S. Atty., Rocky Mount, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are appeals by a father and son who were convicted and sentenced in the court below of forcibly resisting officers of the United States while in discharge of their duty, in violation of 18 U.S.C. § 111. The officers had taken possession of an automobile belonging to one Sylvester Hall, who had acquiesced in their taking it and had turned the keys of the automobile over to them. The seizure was made because the officers had been informed that the automobile had been theretofore used in the illegal transportation of intoxicating liquor. Appellants, the father and brother of Sylvester Hall, came up and the father, with threats and show of force, objected to the car's being taken. The show of force consisted of displaying a pistol, which the father was apparently prepared to use. The officers reached for the pistol and appellants assaulted them. The only question presented by the appeal is whether the evidence was sufficient to take the case to the jury. We think that it was.

Questions have been raised as to the right of the officers to seize without warrant an automobile not at the time engaged in violation of the law on the basis of information received as to prior violation; but we need not go into these questions. The absence of warrant was not raised by Sylvester Hall, the owner of the car, who had virtually surrendered it by turning the keys over to the officers. See Grice v. United States, 4 Cir., 146 F.2d 849, and Davis v. United States, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453. Whether they would have had a right to seize it without warrant or not, they were unquestionably acting in the discharge of their duty in taking it into possession with the acquiescence of the owner, and appellants had no right to interfere with them.* When they did so forcibly, they were guilty of a violation of the statute. When the evidence is taken in the light most favorable to the prosecution, as it must be on motion for directed verdict, we think that it unquestionably made a case for the consideration of the jury. Palmquist v. United States, 5 Cir., 149 F.2d 352, certiorari denied 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 431.

Affirmed.

* Grainger v. United States, 4 Cir., 158 F.2d 236, 237; Kitt v. United States, 4 Cir., 132 F.2d 920; 47 Am.Jur. p. 508.