**UNITED STATES of America,**

v.

**WAI LAU, Defendant.**

United States District Court
S. D. New York.
March 29, 1963.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for the United States; Jack D. Samuels, Asst. U. S. Atty., of counsel.

Gilbert S. Rosenthal, New York City, for defendant.

TYLER, District Judge.

Wai Lau, who was arrested as an alleged narcotics violator on May 25, 1961, moves to suppress evidence obtained in a search of his person immediately upon arrest and from a search of his apartment later in the evening of his arrest. Mr. Lau also moves to dismiss the indictment on the ground that he has been deprived of his constitutional right to a speedy trial.

A hearing was held on the motion to suppress on March 14, 1963. On the basis of the testimony and documents, this court makes the following findings with regard to that issue:

At the time of his arrest without a warrant at about 6:30 p. m. on May 25, 1961, Wai Lau was walking along Pell Street in Chinatown, New York City. At that time he was under surveillance by two agents of the Bureau of Narcotics. When the agents saw Mr. Lau stop and talk with a man named Lem Ho, whom they testified to be a "known narcotics violator", the two agents moved swiftly to accost Wai Lau and place him under arrest. They immediately searched him, and as a result of this search, they uncovered two opium pills contained in his eyeglass case which he carried in his coat pocket.

According to Agents Addario and Guy, they then took Mr. Lau to their automobile and proceeded to drive him to his apartment located at 148 Norfolk Street, which location, although in New York City, is a number of blocks away from Pell Street. The agents testified that Wai Lau offered bribes of increasing amounts from $10 to $100 to induce them to let him swallow the two opium pills and to "forget the whole thing". The agents also testified that Wai Lau said that he had nothing to hide and permitted them to enter and search his apartment where they located in the kitchen and bedroom some additional 133 opium pills.

There is no dispute of the fact that the agents obtained neither a warrant of arrest nor a search warrant.

At the hearing, the claim was made that Wai Lau does not speak or understand the English language with any facility. Accordingly, his testimony was taken through a sworn interpreter. Agents Addario and Guy admitted that on the day of the arrest and search, their conversations with Wai Lau indicated that he did not speak much English.

About a month before the arrest and search in question, Agents Addario and Guy were present when a New York City detective arrested Wai Lau for an alleged state law narcotics violation.

First, this court will consider the search of Wai Lau's apartment. It is established that under the Fourth Amendment there may be reasonable searches, incident to a valid arrest, without a search warrant. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430,

94 L.Ed. 653 (1950). There is no right, however, to search an apartment without a search warrant except as an incident to a contemporaneous, lawful arrest there. United States v. Lee, 83 F.2d 195 (2d Cir., 1936). Clearly the search, without a warrant, of the home of one arrested several blocks away from the place of arrest is not incidental to the arrest and is unlawful. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925); United States v. Scott, 149 F. Supp. 837 (D.C.D.C.1957).

■■ It is the theory of the government that Wai Lau consented to the search of his apartment and waived his rights secured by the Fourth Amendment. United States v. Smith, 308 F.2d 657, 663 (2d Cir., 1962); United States v. Bianco, 96 F.2d 97 (2d Cir., 1938). In order for consent to constitute a waiver, the burden is on the government to show by clear and convincing evidence that such consent was unequivocal and specific—and freely and intelligently given. United States v. Smith, supra, 308 F.2d at 663; United States v. Martin, 176 F.Supp. 262 (S.D.N.Y.1959). "This burden is of course heavier where it appears that the owner is illiterate or a foreigner who does not readily speak and understand the English language." Kovach v. United States, 53 F.2d 639 (6th Cir., 1931).

■■ The issue of search and seizure in each case must stand or fall on its own particular facts, and, of course, within the nisi prius court's judgment of the credibility of the witnesses. United States v. Dornblut, 261 F.2d 949 (2d Cir., 1958), cert. den. 360 U.S. 912, 79 S.Ct. 1298, 3 L.Ed.2d 1262 (1959). In the light of what transpired on May 25, 1961, this court concludes that Wai Lau could not and did not give legal consent to the search of his apartment. Accordingly, this search was unlawful and defendant's motion to suppress the evidence obtained at his Norfolk Street apartment is granted.

As to the arrest itself, it is conceded that the government made no attempt to obtain a warrant for Lau's arrest. The statute (26 U.S.C. § 7607) provides in pertinent part: " * * * [A]gents, of the Bureau of Narcotics of the Department of the Treasury * * * may— * * *

"(2) make arrests without warrant for violations of any law of the United States relating to narcotic drugs (as defined in section 4731) or marihuana (as defined in section 4761) where the violation is committed in the presence of the person making the arrest or where such person has reasonable grounds to believe that the person to be arrested has committed or is committing such violation."

Thus, the question becomes one of whether the agents had "reasonable grounds," or, "probable cause" for the arrest.

■ It is the theory of the government that probable cause for the arrest without a warrant existed on the basis of the agents' knowledge of Lau's April, 1961 arrest for a state narcotics violation, the information supplied by a reliable informer concerning Lau's trafficking in opium pills in the vicinity of Mott and Pell Streets, the intermittent surveillance of Lau at that location, and Lau's conversation on Pell Street on the evening of May 25, 1961 with Lem Ho, a man known to the agents as a previous narcotics violator.

"The quantum of information which constitutes probable cause—evidence which would 'warrant a man of reasonable caution in the belief' that a felony has been committed, Carroll v. United States, 267 U.S. 132, 162 [45 S.Ct. 280, 69 L.Ed. 543],—must be measured by the facts of the particular case." Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

■ Information received through a reliable informant may constitute probable cause for a lawful arrest as long as the informant's statement is reasonably corroborated by other matters within the agent's knowledge. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329,

3 L.Ed.2d 327 (1959); United States v. Smith, 308 F.2d 657 (2d Cir., 1962); Hawkins v. United States, 288 F.2d 537 (8th Cir., 1961), cert. den. 366 U.S. 975, 81 S.Ct. 1943, 6 L.Ed.2d 1264 (1961); Rodgers v. United States, 267 F.2d 79 (9th Cir., 1959).

 In this case, in addition to the word of a reliable informer, there are the added facts that the agents knew the defendant from a previous arrest and observed the defendant at the informer's given location. United States v. Kancso, 252 F.2d 220 (2d Cir., 1958). Wai Lau was arrested immediately upon the termination of his conversation with Lem Ho. That Lau spoke to a known narcotics violator would not, of itself, be reasonable grounds for the arrest. When, however, that fact is taken into account with the other information supplied by the informer and confirmed later by the agents in their own experience, it is not impractical and unreasonable to assume that something other than a social chat with a friend was in process. See United States v. Kancso, supra.

"The rule of probable cause is a practical, nontechnical conception affording the best compromise that has been found for accommodating * * * opposing interests. Requiring more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice." Rodgers v. United States, supra, 267 F.2d at page 87.

Accordingly, this court finds that the arrest of Wai Lau was lawful, and the immediately subsequent search and seizure, having been made incident to a lawful arrest, was likewise valid. Defendant's motion to suppress the fruits of that search is denied.

Defendant, as previously indicated, also moves to dismiss the indictment pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States. Upon due consideration, defendant's motion is denied. I find that since the indictment was returned late in May, 1961, defendant has let this matter lie dormant, no doubt hoping that it would never be revived, and thus has acquiesced to the delay of almost two years. United States v. Research Foundation, 155 F.Supp. 650 (S.D.N.Y. 1957); United States v. Stracuzza, 158 F.Supp. 522 (S.D.N.Y.1958).

An order should be settled to reflect the foregoing matters and to provide specifically that the quantitative changes in the first count of the indictment necessarily resulting from this decision did not prejudice defendant and thus do not vitiate that count.