**Edward P. O'TOOLE, Petitioner, Appellant,**

v.

**Palmer C. SCAFATI, Superintendent of the Massachusetts Correctional Institution at Walpole, Respondent, Appellee.**

**No. 6982.**

United States Court of Appeals First Circuit.

Heard Nov. 6, 1967.

Decided Dec. 1, 1967.

Certiorari Denied March 11, 1968.

See 88 S.Ct. 1109.

Chester C. Paris, Wakefield, Mass., with whom Joseph J. Balliro, Boston, Mass., was on brief, for appellant.

Brian E. Concannon, Sp. Asst. Atty. Gen., with whom Elliot L. Richardson, Atty. Gen., was on brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Petitioner was convicted in the Massachusetts courts of fraudulent conversion, obtaining signatures under false pretences, larceny, and uttering forged instruments. Commonwealth v. O'Toole, 1967 Mass.Adv.Sh. 149, 223 N.E.2d 87. He brought habeas corpus proceedings in the district court, principally asserting that coercively obtained evidence had been admitted against him. The facts were stipulated. The court dismissed the petition, and he appeals.

While city manager of the City of Revere, petitioner was invited to the local district attorney's office and asked by an assistant for a written explanation of overexpenditures. "He wanted him [petitioner] to give him a reason why he should not prosecute." Though he promised to do so, petitioner never provided such a statement, but at later interviews in his own office he told a representative of the district attorney that he had handled certain matters and destroyed certain papers. These statements were introduced at the trial. Petitioner was never warned or officially informed of his constitutional rights.

Petitioner's contention that he had been coerced is a singular one. Having been asked to explain why he should not be prosecuted, he was afraid that if he did not make explanation, viz., make exculpatory statements, "he would be prose-

cuted, and as the result of the prosecution would be fired or suspended."

 We agree with the district court's finding that petitioner's statements were not involuntary under Clewis v. State of Texas, 1967, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423, and related cases. Though petitioner was not told of his rights by his interlocutors, he was an experienced public official, and he had time between discussions to seek advice. He was neither maltreated nor taken into custody, and the statements were elicited not in some alien environment, but in his own office. We might also remark that the coercion petitioner alleges was to make *exculpatory* statements. Petitioner refused to give the written statement requested, and made clearly *inculpatory* statements. Although this is not basic to our decision, we find it difficult to see the causal relationship between the alleged coercion and what eventuated, or that petitioner was coerced at all. Cf. Schlinsky v. United States, 1 Cir., 1967, 379 F.2d 735, 738, cert. denied 10/23/67, 389 U.S. 920, 88 S.Ct. 236, 19 L.Ed.2d 265; Vitali v. United States, 1 Cir., 383 F.2d 121, 10/11/67.

This case is not governed by Garrity v. State of New Jersey, 1967, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562. There a public employee, a policeman, was told when questioned that if he claimed the Fifth Amendment he would be discharged, as a statute required. The Court held that this threat, to take detrimental action based solely upon the exercise of a constitutional right, was an improper way to obtain criminal evidence because it was an improper burden upon that right. In the case at bar even if we were to assume a threat, the threat to take detrimental action arose out of pre-existing evidence. A threat to take legal action is not necessarily coercion. Cf. Gatterdam v. United States, 6 Cir., 1925, 5 F.2d 673, cited in Robbins v. MacKenzie, 1 Cir., 1966, 364 F.2d 45 at 50, cert. denied 385 U.S. 913, 87 S.Ct. 215, 17 L.Ed. 2d 140. The burden was on petitioner at least to show that the proposed prosecution was improperly motivated. Cf. Dombrowski v. Pfister, 1965, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22. For all that appears, the evidence warranted prosecution and dismissal or suspension in any event, and prosecution was bona fide intended. Petitioner was merely being given an opportunity, if he could, to clear himself. Under such circumstances his fear of prosecution and dismissal may in some measure have been responsible for what he said, but this was not unlawful coercion within the scope of *Garrity*.

Petitioner's further claim that admission of evidence in the state court in cross-examination of one of his witnesses denied him due process does not warrant discussion.

Affirmed.