**MAGNESIUM CASTING CO.,**
Plaintiff-Appellee,

v.

**Albert J. HOBAN, Regional Director of the First Region of the National Labor Relations Board, et al., Defendants-Appellants.**

No. 7184.

United States Court of Appeals
First Circuit.

Sept. 10, 1968.

Certiorari Denied Jan. 27, 1969.

See 89 S.Ct. 720.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, and Gary Green and Abigail Cooley Baskir, Attys., Washington, D. C., for appellants.

Louis Chandler, Jerome H. Somers and Stoneman & Chandler, Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is a motion by the National Labor Relations Board and others, defendants appellants, for summary reversal for "manifest error." First Circuit Rule 5, July 1, 1968. The facts which afford the basis of our decision[1] may be briefly stated.

In March 1968, a union[2] filed a petition for election among certain employees of Magnesium Casting Co., plaintiff appellee herein. The customary formal hearing was conducted in April, and on May 22 the Regional Director ordered that an election be held on June 21. The plaintiff was directed to furnish a list of names and addresses of all eligible employees within seven days, pursuant to the so-called *Excelsior* rule. Excelsior Underwear, Inc., 156 N.L.R.B. 1236. Plaintiff furnished such a list on May 29.

On June 12, 1968, this court decided in Wyman-Gordon Co. v. N.L.R.B., 1 Cir., 397 F.2d 394, that the *Excelsior* rule had been promulgated in violation of the Administrative Procedure Act, and held that noncompliance therewith could not form the basis of a subpoena or order against the employer. Relying on this decision the present plaintiff, on June 17 and thereafter, requested the Board to set aside its May 22 decision and order. The Board refused. The election was conducted as scheduled, and the union won. In the district court the plaintiff then sought a mandatory injunction setting aside the election as void. The defendants moved to dismiss, *inter alia* attacking the jurisdiction of the court, asserting that the case was not one of voidability within Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210. The court did not pass on this motion, but entered an interlocutory injunction against the defendants, enjoining them from certifying the results of the election pending the outcome of certiorari proceedings in *Wyman-Gordon*. Defendants appealed, and now bring the present motion.

■ We reverse. The court has substantially misconstrued the effect of *Wyman-Gordon*. Plaintiff's recourse, if the *Excelsior* rule was invalid, was to refuse to comply and to allow the election to proceed in an otherwise orderly fashion if the Board and the union were so mind-

---

1. We do not pass upon all of the issues raised by the Board, and we do not consider certain additional facts sought to be alleged by the involved union, would-be intervenor. The petition to intervene is mooted.

2. United Steelworkers of America, AFL-CIO.

ed. Plaintiff could not use its own compliance, afterwards regretted, as a basis for stopping all proceedings.[3] This is a clear case of waiver.

■ There is no merit in the contention that the election was unlawful. The fact that the Board improperly ordered the plaintiff to supply certain factual information was not jurisdictional so far as the election itself was concerned, but merely collateral thereto. A matter far more jurisdictional was held to be waived in United States v. L. A. Tucker Truck Lines, Inc., 1952, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54, because not promptly asserted. It is true that plaintiff did not wait as long in the case at bar as did Tucker, but the principle is the same. Plaintiff should have separated and resisted the illegal portion of the May 22 order rather than have complied therewith and then claimed that compliance tainted the rest.

■ Equally there is no merit in the claim made in plaintiff's brief in this court that the Board misrepresented its powers. There was no misrepresentation of fact in *Excelsior*. The facts were correctly set forth in the opinion. All that was involved was a question of law. That is no more a basis of misrepresentation than is the Board's claimed "threat" to take legal recourse actionable coercion. See Commercial Credit Corp. v. Sorgel, 5 Cir., 1960, 274 F.2d 449, 453, cert. denied 364 U.S. 834, 81 S.Ct. 48, 5 L.Ed.2d 59; O'Toole v. Scafati, 1 Cir., 1967, 386 F.2d 168, 170, cert. denied 390 U.S. 985, 88 S.Ct. 1109, 19 L. Ed.2d 1285.

Labor matters should proceed promptly. Plaintiff was no different from the employer in *Wyman-Gordon*. Not being as alert to its rights, it missed the boat, or more exactly, boarded a boat it need not have. That is the end of it.

■ Plaintiff's motion for oral argument is denied. We have reviewed its brief, and consider the issue so plain that we would not be helped by oral argument.

Due process does not require oral argument in every case, as is made apparent by the Supreme Court's summary reversal procedure on petition for certiorari.

The interlocutory order of the district court is vacated and that court is instructed to dismiss the complaint.

---

3. We do not pause to consider how, if plaintiff's position were to be upheld, the egg could be unscrambled.